Jeri and Anthony Mistecka, Wife and Husband, Plaintiffs *v.* Commonwealth of Pennsylvania, Defendant.

Sherley M. Davis et al., Plaintiffs *v.* James Wilson, on behalf of Pennsylvania Department of Transportation et al., Defendants.

Argued March 22, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*Keith S. Edbstein,* with him *Daniel L. Thistle,* and, of counsel, *Beasley, Hewson & Casey,* for plaintiffs.

*Thomas O. Malcolm,* with him *Malcolm & Riley,* for defendant, Chester County.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for defendant, Commonwealth.

OPINION BY JUDGE CRAIG, October 1, 1979:

Consolidated here for argument and disposition are two trespass cases arising out of similar incidents occurring at the same place on the same date.

In the first case, Jeri and Anthony Mistecka, wife and husband, filed their complaint in trespass against the Commonwealth, to recover, according to their allegations, for injuries suffered September 7, 1975 by the wife plaintiff while traveling in a motor vehicle on State Route 1 under the Bancroft Road Bridge, in

New Garden Township, Chester County, as a result of a large rock being thrown by unknown assailants from the bridge down upon plaintiff's motor vehicle.

The complaint further avers that at least 26 similar incidents of rock-throwing upon motorists traveling Route 1 had occurred at or near that location and had been reported to the state police during the two years preceding. Plaintiffs also aver that 3 such incidents occurred on the same date within 25 minutes preceding the striking of plaintiffs' car.

The complaint avers negligence on the basis that, despite notice of the rock-throwing incidents averred, the Commonwealth had failed to erect appropriate barriers or screens to protect the traveling public on Route 1, failed to warn the traveling public on Route 1 of the danger, failed to investigate, police and prevent such incidents and otherwise failed to take adequate precautions to protect the motoring public on Route 1 from the danger of rockthrowing. The averments conclude with a description of the injuries and a demand for judgment in an amount in excess of $10,000.00.

The averments of the trespass complaint in the case of Sherley M. Davis and Elsie Davis, her mother, against the Commonwealth and others, are substantially similar, describing injuries to plaintiff Sherley M. Davis on the same date and at the same location. With the exception of the Mistecka complaint's reference to other incidents on the same day, the Davis averments of notice and negligence against the Commonwealth are similar.

In addition, the Davis complaint identifies defendant township and defendant county as the local government jurisdictions within which the site is located. The Davis complaint also names as defendant Grof and Myers, Inc., identifying that corporation as an independent consulting engineer for the Common-

wealth with respect to the design of bridges, highways and overpasses.

A separate Davis count avers negligence in design, manufacture, construction, installation and maintenance as an alternative basis for liability.

Although the Davis complaint names James Wilson, Secretary of the Pennsylvania Department of Transportation, and Robert P. Kane, Attorney General of the Commonwealth, as defendants in the caption, those individuals are not identified in the complaint so that none of the averments of negligent conduct appear to be directed toward them.

In both cases, the Commonwealth, by answer and new matter, pleads sovereign immunity as a defense, and that issue has been placed before us by the Commonwealth's motion for judgment on the pleadings in both cases.

In the Davis case, the Commonwealth, by preliminary objections, has also entered a demurrer with respect to the naming of Secretary James Wilson and Attorney General Robert P. Kane as defendants in the caption.

In addition, defendant Chester County, by preliminary objection, has filed a demurrer for failure to state a cause of action against the county; also raised is the bar of pendency of a prior action. In addition, the county claims that venue properly lies in Chester County.

With respect to the central question of sovereign immunity, the plaintiffs and the Commonwealth are in agreement that the Act of September 28, 1978, P.L. 788, Act No. 152-1978 (Act 152), amending the Judicial Code, 42 Pa. C.S. §101 et seq., is applicable to these cases. Section 5 of Act 152, 42 Pa. C.S. §5110 (Note), after the abrogation of the doctrine of sovereign immunity in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978),

reinstated that doctrine with retroactive effect. We have recently held the retroactive effect to be constitutional. *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

Therefore, the prime question is whether or not the liability claims in these cases fall within any one of the eight instances enumerated by Act 152, 42 Pa. C.S. §5110, as to which the legislature has granted a limited waiver of sovereign immunity.

We conclude that subsection (a)(5) of 42 Pa. C.S. §5110, is, in the main, inapplicable to the situation here because it pertains to ''Damages, other than property damages, caused by a dangerous condition of highways under the jurisdiction of Commonwealth agencies created by potholes or sinkholes or other similar conditions created *by natural elements. . . .''* (Emphasis supplied.) The situations described in these complaints are clearly not created by natural elements.

Accordingly we focus on subsection (a)(4) of that same section, which subsection reads as follows:

> (4) Commonwealth real estate, highways and sidewalks.—Damages caused by a dangerous condition of Commonwealth real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons, and highways under the jurisdiction of Commonwealth agencies except as limited in paragraph (5)....[1]

Thus, the first specific issue is, where there are averments of a continuing history of unknown assail-

---

[1] We have not failed to note that the last five words of subsection (4) refer to limiting language in subsection (5), which ends with a proviso. Because the Commonwealth has not raised the point, we will not decide what effect, if any, that reference might have, on the facts of this record.

ants throwing rocks from a local highway bridge over-pass down upon a state highway beneath, so as to injure travelers on the state highway, does that situation constitute a "dangerous condition" of a highway under the jurisdiction of the Commonwealth?

Counsel for the Commonwealth stress the fact, established by the averments, that the danger does not arise from something resting within the right-of-way of the state highway, but rather involves the intervention of third parties, unconnected with the Commonwealth, who are themselves physically situated upon an overpass above—and to that extent, removed from —the state highway. Although we must accept every well-pleaded averment as a true statement of fact, there are no averments that the Bancroft Road Bridge itself is under Commonwealth jurisdiction and therefore we can, at the most, consider it to be identified as a public road and bridge under local jurisdiction.

As a matter of law, we conclude that such a situation is a "condition" within the terms of subsection (a)(4). Among the ordinary meanings of the word "condition" is reference to "a state of affairs that hampers or impedes or requires correction." Webster's New Collegiate Dictionary 235 (1977). Most importantly, it is clear that the circumstances here give rise to a condition which is related to travel on the highway and is conceivably correctable.

Generally, in cases under 42 Pa. C.S. §5110(a)(4), we will leave to the determination of a jury the question of whether or not the condition is a dangerous one. That aspect is specifically expressed in the initial clause of the proviso, stating, ". . . the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of damage which was incurred. . . ." Both of the complaints under consideration make a sufficient averment for pleading purposes; although they were both

filed in 1977, antedating the introduction of the stat-
ute by which they are now governed, the Mistecka
complaint several times describes the condition as a
''danger,'' and the Davis complaint pleads the exis-
tence of a ''dangerous, ultra-hazardous and defective
instrumentality.''

Therefore, in both of these cases, we will dismiss
the Commonwealth's motions for judgment on the
pleadings.

Such an order will be dispositive of the issues pres-
ently before us in the Mistecka case.

In the Davis case, we have an additional demurrer
by the Commonwealth, on behalf of individual defend-
ants Secretary Wilson and Attorney General Kane,
based on the failure of the complaint even to identify
them. It is plain that it is proper to sustain the de-
murrer as to defendants Wilson and Kane in the
Davis case.

Defendant County of Chester, also by preliminary
objection, has entered a demurrer to the claims against
it in the Davis case, based on the argument that, ab-
sent any averment that the county owns or controls
the Bancroft Road Bridge, no basis for a duty on the
part of the county has been established by averment.

It is true that paragraph 9 of Count One of the
complaint does not aver any ownership or control but
only avers failures on the part of the county in con-
nection with the design, construction and maintenance
of that overpass and in connection with the provision
of protective devices, police protection and warnings.

In the alternative, the second paragraph of Count
Two avers that the county, along with the other de-
fendants, ''jointly and/or severally, designed, manu-
factured, constructed, installed and/or maintained the
said Bancroft Road overpass and adjacent stretch of
Route One, passing thereunder, in such a defective de-
sign, fashion and condition, rendering it unreasonably

dangerous'' so that the defendants are subject to strict liability under Section 402A of the Restatement of Torts (Second).

As a matter of law, we conclude that the county's demurrer should be sustained. The complaint fails to place any duty upon the county by way of ownership or control, *Otto v. American Mutual Insurance Co.,* 241 Pa. Superior Ct. 423, 361 A.2d 815 (1976), and Restatement of Torts Section 402A is inapposite to the present situation because it pertains to sellers of products, clearly not applicable here. Although plaintiffs indicate that an averment describing the county as a seller would have to be accepted as true, we find no such averment in the complaint.

Accordingly, in the Davis case, we will sustain the preliminary objections on behalf of the County of Chester, as well as those on behalf of the individual defendants.

Under the Judicial Code, 42 Pa. C.S. §931(a)(c), jurisdiction is properly in the courts of common pleas as to actions pursuant to 42 Pa. C.S. §5110, with venue to be laid, under subsection (c), in the ''county in which the principal or local office of the Commonwealth agency is located or in which the cause of action arose. . . .'' We see no point to plaintiffs' claim that venue should be placed in Montgomery County simply because the applicable local office of the Pennsylvania Department of Transportation is there; particularly in view of the fact that the related pending Davis action against Chester County is before that Court of Common Pleas, we will transfer the Davis case there for further proceedings, to permit consolidation at the discretion of that court.

Venue for the Mistecka case will be treated the same.

President Judge Bowman and Judges Crumlish, Jr. and DiSalle concur in result only.

## ORDER IN 1801 C.D. 1977

AND Now, this 1st day of October, 1979, it is ordered that the motion for judgment on the pleadings by defendant Commonwealth of Pennsylvania is dismissed, and the record is transferred to the Court of Common Pleas of Chester County for further proceedings.

## ORDER IN 1809 C.D. 1977

AND Now, this 1st day of October, 1979, it is ordered that:

1. The preliminary objections on behalf of defendant James Wilson and defendant Robert P. Kane are sustained; and

2. The preliminary objections on behalf of defendant Chester County, demurring to the complaint for failure to state a cause of action, are sustained; and

3. The motion for judgment on the pleadings by defendant Commonwealth of Pennsylvania is dismissed; and

4. The record herein shall be transferred to the Court of Common Pleas of Chester County for further proceedings.

---

CONCURRING AND DISSENTING OPINION BY JUDGE MENCER:

I concur, at No. 1809 C.D. 1977, in the sustaining of the preliminary objections filed on behalf of defendants James Wilson, Robert P. Kane, and Chester County. However, I respectfully dissent to the dismissal, in these two cases, of the motions for judgment on the pleadings filed by defendant Commonwealth of Pennsylvania.

The majority opinion states:

Accordingly we focus on subsection (a)(4) of that same section,[1] which subsection reads as follows:

'(4) Commonwealth real estate, highways and sidewalks.—Damages caused by a dangerous condition of Commonwealth real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons, and highways under the jurisdiction of Commonwealth agencies except as limited in paragraph (5).'

Thus, the first specific issue is, where there are averments of a continuing history of unknown assailants throwing rocks from a local highway bridge overpass down upon a state highway beneath, so as to injure travelers on the state highway, does that situation constitute a 'dangerous condition' of a highway under the jurisdiction of the Commonwealth? (Footnote added, footnote omitted.)

It seems to me that the question must be answered in the negative. Certainly it is a dangerous condition for people to throw rocks from a bridge over a Commonwealth highway, but the statute above quoted calls for the condition to be of a highway under the jurisdiction of the Commonwealth. It is admitted that the bridge from which the rocks were thrown was not a Commonwealth bridge. If barriers were to be erected to prevent future incidents, they would need to be erected on the bridge under local jurisdiction rather

---

[1] Section 5110 of the Judicial Code, added by Section 2 of the Act of September 28, 1978, P.L. 788, 42 Pa. C.S. §5110(a)(4).

278

than on the state highway. The facts here simply do not establish a condition of a Commonwealth highway, and subsection (a)(4) of Section 5110 is inapplicable to these cases.

If the majority interpretation is correct, then any off-highway activity injuring persons driving on state highways will be conditions chargeable to the Commonwealth. Today it is persistent rock throwers and tomorrow it may be a recurrent sniper's bullets or annual deer hunters' errant shooting. Today's holding will logically result in the Commonwealth's being subject to suit in every automobile accident on a state highway caused by a deer or other wild animal in crossing the road, since surely the Commonwealth is chargeable with the knowledge that such animals do so with great frequency.

