## Roberts v. Karotka

*Roger M. Fischer,* for defendant.
*John L. Sweezy* and *Robert L. Simmons,* for additional defendant.

PFADT, *J.,* July 23, 1980—The Commonwealth of Pennsylvania, Department of Transportation filed preliminary objections contesting its inclusion as an additional defendant in a case where an automobile accident occurred on an exit ramp of Interstate 90 near North East, Pennsylvania, following a snowstorm, on January 13, 1978. Its objections are threefold: (1.) that defendant failed to join it within 60 days from the service of the complaint, thus violating Pa.R.C.P. 2253; (2.) that defendant failed to notify the Commonwealth of its intention to sue within six months from the date of the accident, thus barring recovery as per 42 Pa.C.S.A. §5522(a); and (3.) that the suit is barred

by sovereign immunity since the action allegedly is not permitted by section 5110 of the Judicial Code: 42 Pa.C.S.A. §5110 (Act 152).

The Commonwealth's objections are sustained with regard to the noncompliance of defendant with 42 Pa.C.S.A. 5522(a), and defendant shall be directed to file an amended complaint as set out hereafter.

The Commonwealth's position with regard to Pa.R.C.P. 2253 and the Commonwealth's untimely joinder is simply not substantiated by the facts. Alas, the Commonwealth seems to have mistaken this case for another, and the dates it relies upon are not in agreement with those on the docket maintained by the prothonotary of Erie County. Thus, its objections regarding the alleged violation of Pa.R.C.P. 2253 must be dismissed, for only 55 days elapsed from the date of service of the complaint and defendant's joining of the Commonwealth.

Similarly, the Commonwealth's assertion that it never received formal notification of defendant's intention to sue is incorrect. The letter complying with the requirements of 42 Pa.C.S.A. §5522(a) was included as an exhibit to defendant's brief and its mailing date is several days before defendant's complaint was filed. However, the notification itself is well beyond the six month limitation of 42 Pa.C.S.A. §5522(a). As a result, the effect of defendant's noncompliance with this section must be decided.

The original defendant's complaint against the Commonwealth seeks the following relief:

"11. All of which negligence has caused the plaintiff, Arthur E. Roberts, damage to his automobile in the amount of $834.06.

"12. All of which negligence caused the defend-

ant damage to his automobile in the amount of $1106.49.

"WHEREFORE, Defendant demands judgment against the Additional Defendant in the amount not in excess of $10,000.00 plus all costs of this action."

Thus, defendant has two claims for damages, his own and, seemingly, a claim of contribution or indemnity against the Commonwealth should liability be found with regard to the plaintiff's claim.* The two claims themselves aptly illustrate the two types of time periods created in §5522(a).

"§5522. Six months limitation

"(a) Notice prerequisite to action against government unit.—Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action . . . against a government unit for damages on account of any injury to his person or property shall file in the office of the government unit, . . . a statement in writing, signed by or in his behalf, setting forth [certain facts] . . . If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse compliance with this requirement upon a showing of

*The Commonwealth did not discuss contribution with regard to the limited waiver of sovereign immunity. The court looks to the decision in Brown v. Mendisana, 11 D. & C. 3d 218 (1979), where the court found that defendant's rights to contribution were implicitly included in the limited waiver of sovereign immunity of 42 Pa.C.S.A. §5110.

reasonable excuse for failure to file such statement."

. The original defendant's claim for personal property damage (paragraph 12 above) accrued at the time of the accident, or "the date that [the] injury was sustained" to use the parlance of § 5522(a). The original defendant could have, but failed to, notify the Commonwealth within six months of the date of the injury that a suit for his own damages was impending. (We note that in this case the accident occurred five months *before* the effective date of § 5522(a). However, the notice was eventually mailed to the Commonwealth more than eight months after the effective date of the act.) As a result, any claim for damages to defendant's own car must be "forever barred" unless a "reasonable excuse for failure to file" can be pleaded. Defendant will have an opportunity to so amend his complaint and state such facts with specificity. If insufficient additional facts are alleged, his own claim may be challenged again by the Commonwealth in a motion for summary judgment or new preliminary objections.

However, the claim for indemnity and/or contribution is not barred. The cause of action accrues at the time plaintiff's complaint is reduced to judgment with regard to indemnity, and defendant here prudently joined the Commonwealth prior to this. An argument that this benefits plaintiff, who also failed to give notice to the Commonwealth, is unpersuasive since the mechanism of joinder simply permits an adjudication of the additional defendant's liability over to original defendant while original defendant's liability to plaintiff is also determined. The immunity of the additional defendant with regard to plaintiff can be given effect by con-

trolling plaintiff's use of execution once the judgment becomes final. See, 8 Goodrich-Amram 2d §2252(a):11. Unfortunately, the language of paragraph 11 above does not preclude an assertion that the Commonwealth is *alone* liable, which would be error at this time since the action preserved by defendant's notice is the liability over of the Commonwealth that might later be enforceable by an action for contribution or indemnity. In light of the present vagueness of paragraph 11 of defendant's complaint, defendant shall be given leave to amend it and so properly set out the nature of the existing claim.

Lastly, the Commonwealth demurred by concluding that the instant suit is prohibited by reason of sovereign immunity. Relying on 42 Pa.C.S.A. §5110(a)(4) and (5), the Commonwealth argues that property damages arising from a dangerous condition on a highway created by natural elements are precluded from recovery. We agree with this reading of the statute. However, defendant's complaint does not aver a dangerous condition that resulted from natural elements. Instead, paragraph 10(a-d) recites the following:

"The collision occurred as a direct result of the negligence of the Additional Defendant generally and in the following particulars:

(a) By the Additional Defendant's failure to properly design the intersection so as to separate the entrance and exit ramps;

(b) By the Additional Defendant's failure to post appropriate directional signs indicating the entrance ramp;

(c) By the Additional Defendant's failure to post appropriate signs or signals on the exit ramp to alert and warn drivers who may have inadvertently en-

tered that ramp that they are proceeding in the wrong direction;

(d) By the Additional Defendant's actions in plowing Pennsylvania Route 89 in such a manner as to close off and block the entrance ramp to Interstate 90 while clearing the exit ramp at its intersection with Pennsylvania Route 89."

These averments clearly describe a dangerous "condition" within the purview of section 5110(a)(4). See Mistecka v. Com., 46 Pa. Commonwealth Ct. 267, 408 A. 2d 159 (1979).

Only subparagraph 10(d) suggest a dangerous condition created by natural elements, and this assumes that the condition was the result of the snow itself and not the manner in which the highway had been plowed. This interpretation of defendant's complaint cannot be countenanced at this stage of the pleadings. Since we cannot conclude that the property damage claimed by defendant is the sole result of natural elements creating a dangerous condition, the demurrer must be denied and 42 Pa.C.S.A. §5110(a)(4) deemed the source of the waiver of sovereign immunity in this case.

## ORDER

And now, July 23, 1980, it is hereby ordered and decreed that the Commonwealth of Pennsylvania Department of Transportation's preliminary objections, paragraphs 1 to 4 and 7 to 10, are dismissed. The Commonwealth's preliminary objections, paragraphs 5 and 6 are sustained. Defendant, Charles T. Karotka, is directed to file, within 20 days, an amended complaint stating the nature of the recovery sought from the Commonwealth of Pennsylvania in paragraph 11 of defend-

ant's complaint against an additional defendant. Defendant, Charles T. Karotka, is also directed to amend his complaint to state excuses, if any, for defendant's failure to notify the Commonwealth of his cause of action as specified in 42 Pa.C.S.A. §5522(a).