## Borland v. Pappas

*Steven R. Wolf,* for plaintiff.

*Stephen P. McCloskey,* for defendant Mike Pappas.

*Eugene G. Berry, deputy attorney general,* for defendants Robert Cowan & California State College of Pennsylvania.

GILMORE, *J.;* June 7, 1985—This matter is before the court on a motion for summary judgment filed by defendants California State College and Robert Cowan.

This is an action in trespass arising out of an incident which occurred during a college course taught by defendant Cowan on the premises of defendant California State College. Defendant Pappas was a student engaged in a staged fighting scene with plaintiff Borland, which said activity was part of the course entitled "Movement." Defendant Pappas unintentionally struck plaintiff Borland in the face, causing a fractured jaw. For purposes of this motion it is not contested that the injury occurred on property owned and occupied by California State College during a scheduled class taught by defendant Cowan.

After the incident, plaintiff, on his own, went to the campus infirmary. The infirmary did not treat plaintiff and, instead, arranged for a campus security officer to transport plaintiff to the Brownsville Hospital. The security officer dropped plaintiff off at

the hospital and made no arrangement for treatment, nor did he stay long enough to see if treatment was rendered.

Plaintiff, allegedly because of lack of insurance, was not treated at Brownsville Hospital but was referred to Montefiore Hospital where he received treatment some six hours after the incident occurred.

Defendants California State College and Robert Cowan moved for summary judgment based upon the following:

"1. Plaintiff, Robert Borland, was a student at the college and enrolled in a course entitled 'Movement,' which was taught by Professor Robert Cowan. Plaintiff and defendant, Mike Pappas, were rehearsing a staged fight when plaintiff was struck by defendant, Pappas, and sustained injury.

"2. The plaintiff has not alleged that a trespass exception to the Sovereign Immunity Act is applicable.

"3. Plaintiff, defendant Pappas, and defendant Cowan, have been deposed.

"4. The testimony does not give rise to a cause of action that fits under 42 Pa.C.S. §8522.

"5. The cause of action is barred by the doctrines of Sovereign Immunity and Official Immunity.

"6. There is no genuine issue as to any material fact concerning the matters above, and therefore, as a matter of law, defendants, Dr. Robert Cowan and the College, are entitled to summary judgment."

The issue presented is whether the cause of action is barred by failure to come within one of the eight categories of liability imposed on the Commonwealth pursuant to the Sovereign Immunity Act, 42 Pa.C.S. §8522. It is clear that both California State College and Dr. Cowan are Commonwealth parties under the Act, 42 Pa.C.S. §8501.

Based upon an examination of the pleadings, depositions and arguments of counsel, there are only two subcategories which may apply in the instant case, 42 Pa.C.S. §8522(2) and (4), which read in pertinent part as follows:

"(2) Medical-professional liability. — Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

"(4) Commonwealth real estate, highways and sidewalks. — A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)."

Plaintiff and defendant Pappas argue that the within situation can be encompassed under section 8522 (b) (4) and in support thereof cite Mistecka v. Commonwealth of Pennsylvania, 46 Pa. Commw. 267, 408 A.2d 159 (1979). In Mistecka, the court held that in a situation where rocks were thrown at automobiles by unknown persons from a bridge overpass on a highway owned and maintained by the Commonwealth, constituted a dangerous condition for purposes of the imposition of liability. The court stated:

"As a matter of law we conclude that such a situation (unidentified persons throwing rocks from a bridge) is a 'condition' within the terms of subsection (a) (4). Among the ordinary meaning of the word 'condition' is referenced to 'estate of affairs that hampers or impedes or requires correction.'

Webster's New Collegiate Dictionary 235 (1977). Most importantly, it is clear that the circumstances here give rise to a condition which is related to travel on the highway and is conceivably correctable."

While this court concedes that the ruling in Mistecka somewhat broadens what would be traditionally viewed as a dangerous condition of real property and sidewalks, it is not convinced it applies to the instant case. Clearly in Mistecka the negligent conduct had some nexus to the real property maintained by the Commonwealth. In other words, the conduct could not have occurred except for the maintenance of the bridge for which the Commonwealth could take corrective action. In this case the conduct (the negligent striking of the blow) has absolutely no connection to where it occurred. To accept plaintiff's view would be to expose the Commonwealth to liability anytime an incident occurred on its real property. This was clearly not the legislative intent of the Sovereign Immunity Act. It is this court's opinion, therefore, that plaintiff cannot come within section 8522 (b) (4).

Next plaintiff argues that the counts of negligence involving the providing or failure to provide medical attention comes within section 8522 (b) (2).

The Commonwealth argues that the infirmary is not a health care facility or institution within the statutory language. This argument belies what is clearly an infirmary at a Commonwealth university staffed by a nurse who is a Commonwealth employee.

Under the facts of the instant case it is obvious that the allegations as to the actions of the nurse on duty at the college infirmary and the actions of the security officer who transported plaintiff, are questions of fact which should not be decided by summary judgment.

The court finds, therefore, that summary judgment as to those allegations of negligent rendition of medical care is not appropriate.

## ORDER

And now, this June 7, 1985, partial summary judgment is granted in favor of defendants, Robert Cowan and California State College of Pennsylvania Educational Foundation, a Pennsylvania nonprofit corporation, a/k/a California State College, a/k/a California University of Pennsylvania as to those counts of negligence involving activities on Commonwealth real estate. The motion is denied as to those allegations involving the rendition of medical services.