## Rippy v. Fogel

*William J. Taylor,* for plaintiff.
*William A. Slotter,* for the commonwealth.

KELLY, *J.,* March 7, 1986 — This is an action for damages resulting from a single-car accident which occurred on October 28, 1984. Suit was commenced by a complaint filed on March 11, 1985, by plaintiff, David A. Rippy. Defendants to this action are Max A. Fogel, the driver of the car, and the commonwealth of Pennsylvania.

On May 8, 1985, the commonwealth filed preliminary objections to plaintiff's complaint. The first objection, in the form of a demurrer, is that this suit is barred by statute as a result of an injury due to a wild animal. 42 Pa.C.S. §8522(b)(6). The second objection is that claims against the commonwealth generally, as opposed to a specific agency or employee, are barred by sovereign immunity. 1 Pa.C.S. §2310.

The record papers indicate that on or about Sunday, October 28, 1984, at 12:45 a.m., plaintiff was a passenger in a car being driven by defendant Fogel.

The car was proceeding northbound on State Highway U.S. 1 in the vicinity of Lima, Pa., Middle-

town Townshp, Delaware County, when it struck a deer lying in the highway. The vehicle immediately left the road, climbed an embankment and struck a tree.

Plaintiff suffered extensive injuries including, but not limited to, complete paralysis of his body from the neck down. Plaintiff alleges his injuries were substantially caused by the negligence, carelessness and recklessness of defendant Fogel. He also alleges that the accident and plaintiff's resultant injuries were substantially caused by an obstruction of a highway, to wit, a deer which constituted a dangerous condition under the jurisdiction of a commonwealth agency within the meaning of 42 Pa.C.S. §8522(b)(4).

Upon consideration of the facts of this case and the relevant law, this court. hereby sustains the commonwealth's demurrer and dismisses plaintiff's complaint against the commonwealth.

Plaintiff and commonwealth are in agreement that 42 Pa.C.S. §8522(a) waives sovereign immunity as a bar to an action against commonwealth parties. Therefore, the primary question is whether or not the liability claim in this case falls within any one of the eight instances enumerated by 42 Pa.C.S. §8522(b), as to which the Legislature has granted a limited waiver of sovereign immunity.

We conclude that subsection (b)(6) of 42 Pa.C.S. §8522 is applicable to the situation here because it specifically excludes liability of the commonwealth in an action where injuries to persons are caused by wild animals:

"(6) Care, custody or control of animals. — The care, custody or control of animals in the possession or control of a commonwealth party, including but not limited to police dogs and horses and animals incarcerated in commonwealth agency laboratories.

Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including, but not limited to, bears and deer, except as otherwise provided by statute."

While plaintiff attempts to argue he was not injured by a deer but by a dangerous condition allowed to remain on a state-controlled highway, he cannot prevail in his argument. This controversy has brought us to the point Judge Mencer forewarned of in his dissent in *Mistecka v. Commonwealth*, 46 Pa. Commw. 267, 278, 408 A.2d 159, 164 (1979). If plaintiff prevails, this "will logically result in the commonwealth's being subject to suit in every automobile accident on a state highway caused by a deer or other wild animal in crossing the road, since surely the commonwealth is chargeable with the knowledge that such animals do so with great frequency."

To establish a precedent that allows plaintiffs to prevail in similar cases would surely bankrupt the commonwealth. In the face of such potential liability, the commonwealth would be forced to develop ludicrous safeguards to prevent wild animals from roaming the highways. If we were to hold otherwise, the result would be the erection of fences along every inch of commonwealth highway or perhaps movable fences that anticipate a deer's next move.

In light of our decision to sustain defendant commonwealth's demurrer, we find the commonwealth's second objection, as to lack of jurisdiction, to be moot. We therefore enter the following

## ORDER

And now, March 7, 1986, upon consideration of the preliminary objections and memorandum of law

in support thereof, filed by the commonwealth of Pennsylvania, it is hereby ordered that the demurrer of the commonwealth of Pennsylvania be and the same is hereby sustained and the complaint dismissed as against commonwealth of Pennsylvania.