## Maletsky v. Campbell

*Marc Lamer,* for plaintiff.
*Norman L. Haase,* for defendant city of Chester.
*Celeste Yvonne Lamb,* for defendant commonwealth of Pennsylvania.

KEELER, *J.,* May 8, 1987 — This action arose out of a tragic incident which occurred on January 21, 1984, at approximately 11:30 p.m., when decedent, John Maletsky, was operating his automobile in the city of Chester, Delaware County, Pa. While Mr. Maletsky was driving in the vicinity of 12th and Kerlin Streets, several men approached his vehicle. Mr. Maletsky was mortally wounded as a result of an assault perpetrated by these men.

This suit was initiated by Mr. Maletsky's estate seeking recovery under the Wrongful Death and Survival statutes. See 42 Pa.C.S. §§8301 and 8302. Presently, the court is faced with a motion for judgment on the pleadings filed by the Commonwealth of Pennsylvania and preliminary objections filed on behalf of the city of Chester.

Plaintiff's allegations with respect to both the commonwealth and Chester charge negligence for "(a) permitting the approach to Kerlin Street on 12th Street to be and remain unsafe, dangerous and defective, (b) maintaining the said approach so that the view of motorists was obstructed with respect to the lurking felons, (c) carelessly and negligently leaving the approach to Kerlin Street unguarded and unprotected by any barrier or otherwise to prevent persons lawfully on the street from being assaulted, (d) failing to warn persons lawfully using the street of the unsafe, dangerous and defective condition there existing"; and for ignoring the existence of such unsafe and dangerous conditions for an extended period of time. In its answer, the commonwealth admitted that Kerlin Street is a highway under the jurisdiction of commonwealth agencies. See 42 Pa.C.S. §8522(a)(4). Yet, the commonwealth maintains that the record warrants judgment on the pleadings due to the existence of sovereign immunity. Similarly, Chester filed its preliminary objections to the complaint on the same grounds.

Of course, no individual or entity may file suit against the commonwealth or a local municipality unless sovereign immunity has been waived by statute. See 1 Pa.C.S. §2310 (Cum.Supp., 1986) (immunity of commonwealth); 42 Pa.C.S. §8521(a) (same) and 42 Pa.C.S. §8541 (immunity of local agency). The contrast between the statutes relating to the commonwealth and the provision relating to local agencies requires separate analysis.

*Liability of the Commonwealth*

Plaintiff invokes a statutory exception relating to commonwealth real estate, highways and sidewalks in order to sustain the cause of action against

the commonwealth. This exception provides that the commonwealth may be held responsible for damages caused by a dangerous condition of its "real estate and sidewalks, including commonwealth-owned property, leaseholds in the possession of the commonwealth and commonwealth real property leased to private persons. . . ." 42 Pa.C.S. §8522(a)(4). In support of its contention, plaintiff directs the court's attention to a prior appellate decision which defined the term "condition" as "a state of affairs that hampers or impedes or requires correction." *Mistecka v. Commonwealth,* 46 Pa. Commw. 267, 273, 408 A.2d 159, 162 (1979) (citation omitted). While it is true that such a definition is very broad and all-inclusive, it does not necessarily contemplate the circumstances present in this case. As the *Mistecka* court recognized, the condition must be related to travel on the highway and must be correctable. Id. at 273, 408 A.2d at 162.

The *Mistecka* case revolved around a question of whether the commonwealth could be held responsible for an accident which occurred on a state highway when projectiles were hurled from an overpass belonging to the local authorities. In finding that the commonwealth could be held liable, the court noted the importance that the condition must be related to travel on the highway and that the condition was conceivably correctable. Obviously, the passage of traffic beneath a bridge from which objects may be thrown constitutes a condition which is related to travel. Furthermore, the use of a simple fence or other mechanism to prevent such projectiles from striking cars which are travelling on the roadway or landing on the roadway itself would correct the problem.

Such is not the situation in the case at bar. The nefarious acts of criminals who perpetrate their

deeds on or about the commonwealth's highways do not constitute a condition related to travel on those streets. True, such wrongdoers may insinuate themselves into the lives of the traveling public, but their acts are not directly related to the act of transportation. That is, the problematic condition relates to society, not to the roadway.

Moreover, this "societal condition" is not, in a practical sense, remediable. The commonwealth, as a matter of public policy, should not be held responsible for the potential felonious acts of individuals who fortuitously ply their trade along commonwealth thoroughfares. Certainly, barbed wire fences surrounding state roadways which traverse high crime areas could alleviate the worries of the travelling public. However, it is preposterous for this court, by judicial fiat, to mandate such extreme interventions.

### Liability of the City of Chester

With respect to the city of Chester, plaintiff maintains that two statutory provisions waive the municipality's immunity. First, plaintiff refers the court to an exception entitled "Streets" which permits claims arising out of "[a] dangerous condition of streets owned by the local agency." 42 Pa.C.S. §8542(b) (6) (i). The second exception posited by plaintiff, denominated "trees, traffic controls and street lighting," imposes liability against a local municipality where "[a] dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or other street lighting systems under the care, custody or control of the local agency . . ." causes injury to person or property. Id at section 8542(b)(4). Yet, before liability can be imposed under either of these exceptions two threshold condi-

tions must be met:

"The damages would be recoverable under common law or a statute creating a cause of action . . . against one not having an immunity defense; and the injury must be caused by the negligent acts of the local agency or its employee acting within the scope of his office or duties . . . [excepting therefrom] acts of crime, fraud, malice or wilful misconduct." Id at section 8542(a)(1) & (2).

Applying these principles to the two specific statutory provisions advocated by plaintiff, we find that, at common law, a landowner may be held liable for a defective condition of real property. See *Harrison v. City of Pittsburgh*, 353 Pa. 22, 44 A.2d 273 (1945) (sidewalk). See also, *Ruby v. Casello*, 204 Pa. Super. 9, 201 A.2d 219 (1964) (alley way). Under the circumstances, the street exception to sovereign immunity passes muster with respect to the existence of a common law remedy requirement. However, the second statutory-waiver provision which relates to street lighting poses a slightly more difficult challenge as it is well established that a municipality has no duty at common law to illuminate its thoroughfares. *Wecksler v. City of Philadelphia*, 178 Pa. Super. 496, 115 A.2d 898 (1955). The balance of this provision makes reference to trees and traffic controls. While the complaint does not allude specifically to these items, it certainly makes sufficient reference to suggest that Chester allowed these items to fall into disrepair, thereby exposing others to an unreasonable risk of harm. In the absence of case law to the contrary, this court believes that such facts would support a cause of action at common law insofar as it relates to trees and traffic controls.

We now proceed to the second test. Did the injury flow from the city's negligent conduct? Undoubt-

edly, a risk of injury may include the predictable criminal acts of third parties. *Anderson v. Bushong Pontiac Co.,* 404 Pa. 382, 171 A.2d 771 (1961) (owner of used car business held responsible for acts of third persons who stole an automobile from defendant's used car lot and struck a pedestrian). *Cf Nelson v. Duquesne Light Co.,* 338 Pa. 37, 12 A.2d 299 (1940) (utility pole placed exceedingly close to highway with permission of municipality established cause of action against municipality when a passenger was injured when automobile in which he was traveling struck the pole). See generally, Restatement (Second) of Torts, §448 (1965) (intentionally tortious or criminal acts done under opportunity afforded by actor's negligence). However, this general rule of law has been held inapplicable when posed against local agencies. *Mascaro v. Youth Study Center,* 514 Pa. 361, 523, A.2d 1118 (1987). In *Mascaro,* the court held that the acts of third parties may not form the basis for bypassing sovereign immunity with respect to a local agency. Id. at 523 A.2d at 1124. The acts of such "*others* . . . are specifically excluded . . . [from] the general immunity section . . . [of the sovereign immunity statute] and are nowhere discussed in the eight exceptions." Id. (emphasis in original). The *Mascaro* decision effectively eliminates all claims by plaintiff as against the city of Chester.

## CONCLUSIONS

In light of the foregoing, this court must grant defendant, commonwealth of Pennsylvania's motion for judgment on the pleadings and similarly sustain the preliminary objections of the city of Chester and dismiss plaintiff's complaint as to these two defendants.

## ORDER

And now, this May 8, 1987, upon consideration of defendant commonwealth of Pennsylvania's motion for judgment on the pleadings, defendant city of Chester's preliminary objection in the nature of a demurrer, plaintiff's responses thereto and the memoranda filed by the parties, it is hereby ordered that:

(1) The commonwealth's motion for judgment on the pleadings is granted.

(2) The city of Chester's preliminary objection in the nature of a demurrer is sustained.