William Arvid COWELL, Individually, and as Administrator of the Estate of Elaine C. Cowell, Deceased, and as Parent and Natural Guardian of Jonathan William Cowell, Christa Hailey Cowell, and Andrew Jacob Cowell, his Minor Children, Appellants

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS-PORTATION.

Commonwealth Court of Pennsylvania.

Argued June 10, 2005.

Decided July 5, 2005.

Publication Ordered Sept. 29, 2005.

Kenneth Millman, Wyomissing, for appellants.

John W. Stahl, Senior Deputy Attorney General, Allentown, for appellee.

BEFORE: FRIEDMAN, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

William Arvid Cowell (Plaintiff), individually and as administrator of the estate of Elaine C. Cowell, deceased, and as parent and natural guardian of Jonathan William Cowell, Christa Hailey Cowell and Andrew Jacob Cowell, his minor children, appeals from the November 19, 2004, decision and order of the Court of Common Pleas of Lehigh County (trial court) sustaining the preliminary objections filed by the Commonwealth of Pennsylvania, Department of Transportation (DOT) and dismissing Plaintiff's Amended Complaint against DOT based on the doctrine of sovereign immunity. We affirm.

Plaintiff's Amended Complaint alleges the following relevant facts. On January 3, 2003, Plaintiff was driving in the westbound lane of S.R. 22, near its intersection with the Fifth Street Bridge (Bridge), an overpass above S.R. 22 in Lehigh County, Pennsylvania. Both S.R. 22 and the Bridge were owned, possessed, operated and/or maintained by DOT. Plaintiff's wife (Plaintiff's Decedent) was seated in the front passenger seat and Plaintiff's three children were seated in the rear of the vehicle. As Plaintiff's vehicle passed under the Bridge, a juvenile pedestrian named Dennis Gumbs (Gumbs) negligent-

ly, carelessly or recklessly caused a large rock or piece of compacted snow or ice (Object) to drop from the Bridge directly above the westbound travel lanes of S.R. 22. The Object went through the windshield of Plaintiff's vehicle on the passenger side and struck Plaintiff's Decedent in the face and/or chest, causing injuries that resulted in her death. Additionally, Plaintiff and his children were struck and physically injured by pieces of broken glass from the windshield, and they were injured emotionally due to witnessing the events and the death of Plaintiff's Decedent. There was a significant history of objects falling from and/or being discharged from the Bridge that was known to DOT, and DOT had scheduled the installation of a protective barrier on the Bridge approximately two years prior to the incident. However, the installation did not occur until after the incident, and on January 3, 2003, the Bridge had no barriers other than a three-foot high retaining wall to prevent the Object or other things from falling from the Bridge onto S.R. 22. (Amended Complaint at ¶¶ 11–17, 19–20, 22–23, 35–40.)

Plaintiff brings wrongful death and survival actions as a result of the death of Plaintiff's Decedent and also seeks damages for Negligent Infliction of Emotional Distress on his own behalf and on behalf of each of his children. Plaintiff makes no claims of liability against Gumbs; instead, Plaintiff alleges that, concurrent with Gumbs' acts, the incident also was caused by DOT's negligent, careless and/or reckless failure to install "fencing, screening, a barrier and/or a protective device" on the Bridge, thereby creating a foreseeable and known safety hazard for vehicles traveling on S.R. 22 at its intersection with the Bridge. (Amended Complaint at ¶ 18.) More specifically, Plaintiff alleged that, in violation of its own policies, procedures, protocols, regulations and/or laws, DOT failed to warn motorists of, or remedy, a known hazardous condition and failed to properly police, maintain and/or guard the Bridge to protect users of Pennsylvania highways. (*See* Amended Complaint at ¶ 24(a)-(o).)

■■■ In response to Plaintiff's Amended Complaint, DOT filed preliminary objections in the nature of a demurrer,[1] asserting the defense of sovereign immunity and contending that the facts alleged by Plaintiff did not fall within any exception to sovereign immunity. (R.R. at 21a–22a.) By order dated November 19, 2004, the trial court sustained DOT's preliminary objections and dismissed Plaintiff's Amended Complaint. Plaintiff now appeals to this court.[2]

■■ Plaintiff argues that the trial court erred and/or abused its discretion in sustaining DOT's preliminary objections

---

1. In the alternative, DOT alleged that if the negligence action is not subject to a demurrer, then at least some of the specific allegations of negligence do not fall within the exception to sovereign immunity, and DOT also asserted that some of the allegations are not sufficiently specific. (R.R. at 22a–23a.) Because of our disposition here, we need not address these allegations.

2. Our scope of review on appeal from an order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court committed legal error or abused its discretion. *In re Estate of Bartol*, 846 A.2d 209 (Pa.Cmwlth.2004). When considering preliminary objections, we must keep in mind that they admit as true all well-pled facts and inferences reasonably deducible therefrom, but not conclusions of law. *Id.* Preliminary objections in the nature of a demurrer should be sustained only where the pleadings are clearly insufficient to establish a right to relief; any doubt must be resolved in favor of overruling the demurrer. *Jacobs v. Merrymead Farm, Inc.*, 799 A.2d 980 (Pa. Cmwlth.2002).

based on the determination that the Amended Complaint failed to allege facts establishing an exception to the doctrine of sovereign immunity so as to expose DOT to liability for Plaintiff's injuries.

DOT is an administrative agency of the Commonwealth and a "Commonwealth party" pursuant to section 8501 of the Judicial Code, 42 Pa.C.S. § 8501. Commonwealth agencies, including DOT, generally are immune from tort liability pursuant to section 8521(a) of the Sovereign Immunity Act, 42 Pa.C.S. § 8521(a). By way of exception to the general rule of sovereign immunity, section 8522(a) of the Sovereign Immunity Act, 42 Pa.C.S. § 8522(a), provides that liability may be imposed against Commonwealth parties for damages arising out of a negligent act where: (1) damages would be recoverable under common law or statute creating a cause of action if the injury were caused by a non-immune entity;[3] and (2) the injury caused by the negligent act of a Commonwealth party falls within one of the nine exceptions to sovereign immunity enumerated in 42 Pa.C.S. § 8522(b). Plaintiff here contends that liability is imposed on DOT under what is commonly known as the real estate exception to sovereign immunity, which provides, in relevant part, that the Commonwealth may be liable in tort actions for:

A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency ....

42 Pa.C.S. § 8522(b)(4) (emphasis added). The question of what constitutes a dangerous condition is a question of fact for the jury. Bendas v. Township of White Deer, 531 Pa. 180, 611 A.2d 1184 (1992). However, the determination of whether an action is barred by sovereign immunity is entirely a matter of law. Taylor v. Jackson, 164 Pa.Cmwlth. 482, 643 A.2d 771 (1994).

DOT owes a general duty to those using its real estate to maintain the condition of the property under its jurisdiction so that it is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used. Snyder v. Harmon, 522 Pa. 424, 562 A.2d 307 (1989). In his claim against DOT, Plaintiff alleges that: (1) the intended purpose of the road was to provide for safe vehicular travel underneath the Bridge; and (2) DOT failed to provide adequate fencing or other protective barrier on the Bridge, despite knowing of other incidents where travelers under the Bridge were injured by objects that fell or were dropped from the Bridge. According to Plaintiff, these allegations set forth sufficient facts to fall within the real estate exception to sovereign immunity.[4] We disagree.

3. To meet the threshold requirement, a plaintiff must prove: (1) a common law or statutory duty on the part of the government defendant; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. Kahres v. Henry, 801 A.2d 650 (Pa. Cmwlth.2002), appeal denied, 573 Pa. 669, 820 A.2d 706 (2003).

4. DOT counters that it had no duty to provide a barrier on the Bridge and that the highway remained safe for its intended purpose. As support, DOT cites cases holding that DOT's failure to erect a guardrail does not create a dangerous condition for purposes of immunity because the lack of a guardrail does not render the highway unsafe for the purpose for which it was intended, i.e., travel on the roadway. See, e.g., Dean v. Department of Transportation, 561 Pa. 503, 751 A.2d 1130 (2000); Baer v. Department of Transportation, 713 A.2d 189 (Pa.Cmwlth.1998), aff'd, 564 Pa.

■ It is a general principle that, because of the clear intent to insulate the government from liability, the exceptions to sovereign immunity must be strictly construed. *Dean v. Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000); *Snyder*. In applying the real estate exception to immunity, our courts have held that it is not enough to assert a dangerous condition; the dangerous condition must derive from, originate from or have as its source the Commonwealth realty. *Snyder; Department of Transportation v. Koons*, 661 A.2d 490 (Pa.Cmwlth. 1995). Further, the real estate exception will only apply where it is alleged that an artificial condition or defect of the land *itself caused* an injury to occur, and not where it merely facilitates injury by the acts of others, whose acts are outside the scope of liability. *Snyder; Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987);[5] *Koons*. As stated, Plaintiff alleges that his injuries and those of his family resulted from an unsafe artificial condition or defect arising from Commonwealth real estate, namely, the lack of adequate fencing and/or protective barriers on the Bridge.[6]

However, it is clear that neither the Bridge itself nor any artificial condition thereon, *caused* the injuries here. Rather, whether characterized as intentional or negligent, *the conduct of a third party* resulted in an Object being thrown or dropped from the Bridge, killing Plaintiff's Decedent and injuring Plaintiff and other family members.[7] The Object is not a defect of the Bridge, nor does it derive

603, 770 A.2d 287 (2001). Although Plaintiff argues that DOT has a specific duty to protect the public from persons throwing objects onto the highway, we agree that such a duty does not necessarily follow from the general duty to provide travelers a safe *physical structure* of the highway itself. *See Mason & Dixon Lines, Inc., v. Mognet*, 166 Pa.Cmwlth. 1, 645 A.2d 1370 (1994). The fact that the highway below might be safer if there was a barrier on the Bridge above does not render the highway below inherently dangerous for travel without such a barrier.

5. Although *Mascaro* involved immunity of political subdivisions rather than immunity of the Commonwealth, this court has recognized the similarities between the real estate exceptions to each type of immunity and discounted any difference in language. *Wellons v. SEPTA*, 141 Pa.Cmwlth. 622, 596 A.2d 1169 (1991). Moreover, although *Mascaro* involved a criminal act of a third party, the same reasoning has been applied to non-criminal acts. *Snyder; Downing By and Through Downing v. Philadelphia Housing Authority*, 148 Pa.Cmwlth. 225, 610 A.2d 535, *appeal denied*, 532 Pa. 658, 615 A.2d 1314 (1992). This court, in *Gaylord ex rel. Gaylord v. Morris Township Fire Department*, 853 A.2d 1112 (Pa.Cmwlth.2004), *appeal denied*, 581 Pa. 701, 864 A.2d 1205(2004), recently reaffirmed that *Mascaro* remains valid precedent and still applies to cases where third parties caused the harm, facilitated by the condition of the property.

6. Plaintiff cites *Mistecka v. Commonwealth*, 46 Pa.Cmwlth. 267, 408 A.2d 159 (1979), as support. In that case, the plaintiffs sued the Commonwealth contending that the Commonwealth's failure to prevent recurring incidents of rock throwing onto a state highway constituted a dangerous condition of Commonwealth real estate and, therefore, fell within one of the immunity exceptions. This court held that, because the circumstances gave rise to a condition related to travel on the highway, and the condition is conceivably correctable, a jury must decide if it was a dangerous condition which would render the Commonwealth liable. However, *Mistecka* was specifically disavowed in *Mason & Dixon Lines* and *Snyder*.

7. Plaintiff maintains that, because he did not allege that Gumbs *intentionally* threw the Object, the defect did more than merely facilitate Gumb's negligent discharge of the Object; according to Plaintiff, it was the reason it occurred. (Plaintiff's brief at 12.) We cannot agree. Moreover, taking Plaintiff's argument to its logical conclusion, DOT would be required to protect all of its real estate with barriers of some kind.

from the real estate at issue. Plaintiff would have us conclude that inadequate fencing, the alleged defect in the Commonwealth realty, caused the accident when, at most, the lack of higher barriers on the Bridge only facilitated Gumbs' act and the resultant injuries.

What Plaintiff really is asserting is that DOT knew that people were dropping or throwing objects from the Bridge, and, therefore, DOT should have taken action to prevent this from occurring. However, such an act of omission does not fall within any exception to immunity. As our supreme court stated in *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), "the governmental unit can be subjected to liability despite the presence of an additional tortfeasor if the governmental unit's actions would be sufficient to preclude it from obtaining indemnity from another for injuries rendered to a third person. *This assumes, of course, that the specific facts fall squarely within one of the exceptions.*" *Id.* at 412–13, 613 A.2d at 1184 (emphasis added) (citation omitted). *See also Kiley by Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184 (1994) (explaining that, notwithstanding *Crowell's* recognition that local agencies could be found responsible as a concurrent tortfeasor, it is not enough for a plaintiff to assert that the property constituted a dangerous condition; the plaintiff also is required to demonstrate that the dangerous condition of the property *itself caused* the injuries).

Because Plaintiff has not alleged facts that describe an artificial condition or defect in the land itself that caused the injury to occur, Plaintiff's Amended Complaint does not specify a cause of action upon which relief can be granted. Therefore, the trial court properly sustained DOT's preliminary objections.

Accordingly, we affirm.

### ORDER

AND NOW, this 5th day of July, 2005, the order of the Court of Common Pleas of Lehigh County, dated November 19, 2004, is hereby affirmed.