Mary Filipelli and Geraldine DeProspo, t/d/b/a Quick Deli et al., Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Township of Wilkins and Borough of Turtle Creek, Appellees.

Argued May 3, 1982, before President Judge CRUM-LISH and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Henry G. Beamer,* with him *John A. Metz, Jr., Metz, Cook, Hanna & Kelly,* for appellants.

*Brian H. Baxter,* Deputy Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 9, 1982:

Appellants[1] appeal an Allegheny County Common Pleas Court order granting the Commonwealth's motion for judgment on the pleadings. We affirm.

Appellants, property owners abutting a state highway, allege in their amended complaint[2] that the Com-

---

[1] Appellants are merchants maintaining businesses along Brown Avenue, a Commonwealth highway.

[2] Appellants amended their complaint to include allegations of negligent conduct on behalf of DOT in the installation of a culvert. This was apparently an attempt to avoid this Court's decision in *Lazzari Motors, Inc. v. Department of Transportation,* 63 Pa. Commonwealth Ct. 339, 437 A.2d 1332 (1981), discussed infra.

monwealth negligently installed a culvert causing the state road to wash out. The Commonwealth closed the road for repairs. Appellants have alleged that, due to the *closing* of this road, they have suffered damages.[3]

The trial court concluded that appellants had stated a cause of action fitting within one of the eight statutory exceptions to sovereign immunity,[4] but had failed to allege recoverable statutory damages.[5] That court's grant of the Commonwealth's motion for judgment on the pleadings is affirmed but for a different reason. The action was barred from its inception because it did not meet the statutory exceptions for immunity.

In response to the elimination of sovereign immunity as a defense by our Supreme Court in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), the legislature partially re-enacted this doctrine by statute, *see* 1 Pa. C. S. §2310, by carving out eight very narrow exceptions to the general immunity rule. The appellants allege that, by closing the road to repair the damage caused by the overflow of the Commonwealth-installed culvert,

---

The Commonwealth asserts that this amended complaint is not properly before this Court nor was it before the trial court. We disagree; Pa. R.C.P. No. 1033 allows an amendment to the pleadings by leave of the court.

[3] Averment 7 of the appellant's amended complaint states:

7. The closing, blocking and barricading of Brown Avenue resulting from the negligence of PennDOT substantially prevented all access by the public to the business properties of plaintiffs and each of them during the continuance of said closure, blocking and barricading and plaintiffs and each of them suffered damages, including wages, salaries, property losses and substantial business damage losses.

[4] 42 Pa. C. S. §5110, repealed by Act of October 5, 1980, P.L. 693, now found at 42 Pa. C. S. §8522.

[5] This section is now found at 42 Pa. C. S. §8528.

a "dangerous condition" of Commonwealth real estate resulted.

42 Pa. C. S. §8522 provides exceptions to sovereign immunity:

> (b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (4) *Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

We hold that the legislature never intended for these exceptions to apply in this situation. 1 Pa. C. S. §1921. Had appellants sustained property damage because of the initial overflow, rather than the closing of the roadway for repair, the complaint would have been well founded. 42 Pa. C. S. §8522(4). *See Steckley v. Department of Transportation,* 46 Pa. Commonwealth Ct. 367, 407 A.2d 79 (1979); *Lutzko v. Mikris, Inc.,* 48 Pa. Commonwealth Ct. 75, 410 A.2d 370 (1979).

In *Lazzari Motors, Inc. v. Department of Transportation,* 63 Pa. Commonwealth Ct. 339, 437 A.2d 1332 (1981), we affirmed on the basis of the trial court's

opinion.[6]  In *Lazzari* the plaintiffs filed an action against the Commonwealth alleging that they had suffered damages to their business as a result of the closing of a bridge.  The plaintiffs brought this action under §8522(4), alleging that the Commonwealth's negligence in maintaining the bridge resulted in a "dangerous condition" which caused them damages.  The trial court disagreed, stating:

> 42 Pa. C.S.A. §5110(a)(4)[7] is not applicable since it was not the dangerous condition of the highway which resulted in damage.  Damages, as alleged by plaintiff, did not arise from a dangerous condition but from the *closing* of the bridge.  (Emphasis added.)

*Filipelli v. Department of Transportation*, Allegheny County Court of Common Pleas, No. G.D. 80-16307 (filed April 6, 1981).  This reasoning is equally applicable.[8]

Affirmed.

### Order

The order of the Allegheny County Common Pleas Court, No. G.D. 80-16307, dated March 23, 1981, is affirmed.

---

[6] The Pennsylvania Supreme Court dismissed Lazzari Motors' appeal on March 16, 1982.

[7] Because we hold that the Commonwealth is immune from suit in this instance, we need not address the issue of whether appellants' alleged damages fit within the definition of "property damages" found in 42 Pa. C. S. §8528(c)(5).

[8] By amending their complaint to include an allegation of negligence, appellants attempt to skirt our holding in *Lazzari*.  In that case, the trial court mentioned the plaintiffs' failure to allege negligence.  However, no discussion of whether this would change the result was made.  Today, we hold that where, as here, the damages flow directly from something other than a "dangerous condition" of Commonwealth realty an allegation of negligence will not change the result.