531 A.2d 1167

Harry and Tillie Filler, Appellants *v.* Commonwealth Federal Savings and Loan Association and City of Philadelphia, Appellees.

Submitted on briefs June 11, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Norman Shigon, Deutsch & Shigon,* for appellants.

*Handsel B. Minyard,* City Solicitor, with him, *Norma S. Weaver,* Chief Deputy City Solicitor, and *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, for appellees.

OPINION BY JUDGE BARRY, October 6, 1987:

Harry and Tillie Filler (appellants) appeal an order of the Court of Common Pleas of Philadelphia County granting the City of Philadelphia's (City) motion for summary judgment. We affirm.

On January 15, 1981, Harry Filler exited a branch office of Commonwealth Federal Savings and Loan Association (Commonwealth Federal S & L), took two steps, slipped on an icy sidewalk and fell sustaining injuries. The appellants filed suit in the Court of Common Pleas of Philadelphia County alleging their injuries to be caused by both Commonwealth Federal S & L and the City's failure to maintain the sidewalk.

On July 25, 1983, the appellants released Commonwealth Federal S & L from liability. Consequently, the City made a motion for summary judgment pursuant to Pennsylvania Rules of Civil Procedure 1035. The trial court granted the motion and entered judgment for the

City.[1] The court characterized the nature of the City's liability as being secondary and stated that a release of the primarily liable party (Commonwealth Federal S & L) discharged the City. The parties do not contest this determination by the trial court.[2] Rather, the issue on appeal is whether the trial court erred by not judicially recognizing a Philadelphia Police Directive.[3] The ap-

---

[1] The appellants initially appealed to Superior Court. This matter was transferred here as we have exclusive jurisdiction of the direct appeal. 42 Pa. C.S. §762(a)(4)(i)(A) and (B).

[2] The trial court's decision was based on a factually similar case, *George v. Brehm*, 246 F. Supp. 242 (W.D. Pa. 1965). The District Court for the Western District of Pennsylvania in *George* found that, due to the enactment of the Uniform Contribution Among Joint Tortfeasors Act, the law of Pennsylvania was unresolved as to the effect of a release of a primarily liable party on the secondarily liable party. The Court held that, since the parties were not jointly and severally liable, the Uniform Contribution Among Joint Tortfeasors Act did not apply. The Court, by applying common law principles, also held that a release of the primarily liable party also discharged the secondarily liable party. We need not reach this issue.

[3] PHILADELPHIA POLICE DEPARTMENT   DIRECTIVE 38
(2-22-79)
SUBJECT: COMPLAINTS & CONDITIONS AFFECTING
OTHER CITY DEPARTMENTS
I. POLICY
    A. All police personnel are responsible for the prompt and accurate reporting of any dangerous highway condition, defective or damaged property, either city or privately owned, which may in any manner endanger the health, welfare or safety of the public. Personnel are also responsible for taking action to eliminate or minimize all dangerous conditions.
II. RESPONSIBILITY
    A. Police Officers:
    1. Shall report all dangerous highway conditions and damaged or defective city property in the area of their assignment.
    2. Must take whatever action necessary at the scene to protect the community. (This shall include the placing of

pellants allege that through the Police Directive the City has assumed an affirmative duty; by assuming this duty the City's liability was altered from that of being secondarily liable to being primarily liable. Therefore, according to appellant's argument, the release of Commonwealth Federal S & L did not discharge the City from liability. We disagree.

Rule 1035 of the Pennsylvania Rules of Civil Procedure provides a summary method for the determination of legal disputes where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. No. 1035(b). "Entry of summary judgment may be granted only in cases where the right is clear and free of doubt." *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 175, 507 A.2d 323, 331 (1986). "[T]he burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment *as a matter of law,* is on the moving party, and the record must be examined in the light most favorable to the non-moving party." *Miller v. Leljedal,* 71 Pa. Commonwealth Ct. 372, 375, 455 A.2d 256, 257 (1983) (emphasis added),

---

barricades and/or lights, and their prompt removal when the dangerous condition has been corrected.)

    a.  Any hazardous condition requiring immediate action observed by or called to the attention of radio car personnel shall be immediately called in to Police Radio. (For example: gas leaks/odors; electric wires down; cave-ins; defective traffic lights; open or damaged inlets and manhole covers, etc.)

    b.  Non-emergency conditions such as potholes, damaged street and/or traffic signs, parking meters, electric light outages, etc., shall be reported as soon as practicable to the district operations office.

    3.  Submit a separate Complaint or Incident Report (75-48) for each condition. Under "details", briefly describe the problem and show the action taken.

*quoting Giannini v. Carden,* 286 Pa. Superior Ct. 450, 454, 429 A.2d 24, 26 (1981). Therefore, we must determine if there is any basis in law which mandates that a court must judicially notice and accept as binding a directive of an intra-governmental entity.

Judicial notice is to be used as a time saving device during an evidentiary proceeding. Matters which are self-evident render proof unnecessary and will be judicially noticed. *Commonwealth ex rel. Duff v. Keenan,* 347 Pa. 547, 33 A.2d 244 (1943). Courts will take judicial notice of matters deemed to be common knowledge. *Brown v. Popky,* 413 Pa. 236, 196 A.2d 638 (1964). "The ordinances of municipal corporations of this Commonwealth shall be judicially recognized." 42 Pa. C. S. §6107(a). Appellant contends that the difference between an ordinance and a police directive is merely a difference in semantics. However, a police directive does not rise to the level of a municipal ordinance. An ordinance reflects the process of majority vote on legislative matters by elected representatives. A directive is an implementation of intra-government policy. An ordinance is a public record, exposed to opinion—ridicule or support. A directive has a select audience, normally the members of the intra-governmental entity. If a directive were allowed to reach the status of a municipal ordinance, intra-governmental entities would be able to legislate. "The principle is well-established that a municipality may not delegate legislative power to an administrative agency, . . ." *H.A. Steen, Inc., v. Cavanaugh,* 430 Pa. 10, 18, 241 A.2d 771, 776 (1968) (citations omitted). The City Council of Philadelphia has placed the responsibility for removal of snow and ice on abutting property owners. Section 10-719 of the Philadelphia Code. We will not circumvent the powers of the elected officials of Philadelphia by giving effect to a directive from an auxiliary agency of that government.

Therefore, the trial court did not err in granting the City's motion for summary judgment.

## ORDER

NOW, October 6, 1987, the order of the Court of Common Pleas of Philadelphia County, granting the defendant City of Philadelphia's motion for summary judgment is affirmed.