560 A.2d 285

**TRENCO, INC., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1989.

Decided June 14, 1989.

Reargument Denied Aug. 24, 1989.

Petition for Allowance of Appeal Denied March 13, 1990.

John R. Bonner, Norman M. Lubin, Casale & Bonner, P.C., Williamsport, for appellant.

Jefferson J. Shipman, Deputy Atty. Gen., Torts Litigation Div., LeRoy S. Zimmerman, Atty. Gen., Harrisburg, for appellee.

Before BARRY and COLINS (P.), JJ., and KALISH, Senior Judge.

COLINS, Judge.

Trenco, Inc. (appellant) appeals an order of the Northumberland County Court of Common Pleas (trial court) which granted the Department of Transportation's (DOT) motion for summary judgment.

On March 1, 1987, at approximately 11:15 p.m., appellant had two individual tractor trailer units traveling southbound on Pennsylvania Route 11 (Route 11) approximately 2 miles south of Danville, Northumberland County, Pennsylvania. While traveling on this road, a landslide of approximately 7,000 to 8,000 cubic yards of slate and mud came down upon the roadway causing damage to appellant's vehicles and the contents contained therein. As a result of the March 7, 1987, accident, appellant filed a civil action against DOT for damage to its vehicles and contents therein.

Appellant's complaint alleged that on the date of the accident DOT was the fee owner or right-of-way owner of the land abutting Route 11 on which the mud and landslide occurred. The Complaint further alleged that DOT was negligent in its maintenance of the hillside area adjacent to Route 11 which resulted in appellant's property damage. The expert's report submitted by appellant concluded that a rock slide on Route 11 was highly foreseeable due to the steepness of the rock-cut slopes and found that, as a result

of past slides along Route 11, DOT had ample warning that a slide the magnitude of the one that occurred on March 1, 1987, was inevitable.

At the close of discovery, DOT filed a motion for summary judgment on the ground that it was immune from liability. DOT argued that appellant had failed to state a cause of action within the exceptions to sovereign immunity provided by Section 8522(b)(5) of the Judicial Code, 42 Pa.C.S. § 8522(b)(5), since it failed to specifically plead and prove that DOT had prior written notice of the alleged dangerous condition which resulted in the landslide. In addition, DOT argued that property damages are not recoverable pursuant to Sections 8522(b)(5) and 8528(c)(5) of the Judicial Code, 42 Pa.C.S. §§ 8522(b)(5), 8528(c)(5). Appellant, on the other hand, argued that this action fell within the exception to sovereign immunity provided by Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4).

The trial court, relying on *Mistecka v. Commonwealth*, 46 Pa.Commonwealth Ct. 267, 408 A.2d 159 (1979),[1] concluded that the mud and landslide were caused by natural elements and, therefore, fell within the exception to sovereign immunity provided by Section 8522(b)(5) of the Judicial Code. Consequently, the trial court found that appellant had failed to plead and prove that DOT had actual written notice of the dangerous condition, and, therefore, granted summary judgment since property damages are not recoverable pursuant to Section 8522(b)(5) of the Judicial Code.

We must now determine whether the trial court properly concluded that appellant failed to establish that no genuine issue of material fact existed. Our scope of review on appeal from the grant of a motion of summary judgment is limited to determining whether there has been an error of

1. In *Mistecka*, the Court held that allegations of rock throwing by pedestrians fell within Section 8522(b)(4) of the Judicial Code, rather than Section 8522(b)(5) of the Judicial Code, since the condition was not caused by natural elements. We note, however, that the continued validity of *Mistecka* has been called into question as a result of the Pennsylvania Supreme Court's holding in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *See Burgan v. City of Pittsburgh*, 115 Pa.Commonwealth Ct. 566, 542 A.2d 583 (1988).

law or a manifest abuse of discretion. *Herman v. Greene County Fair Board,* 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988).

▇▇▇▇ Pursuant to Pa.R.C.P. No. 1035, summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Filler v. Commonwealth Federal Savings and Loan Association,* 110 Pa.Commonwealth Ct. 88, 531 A.2d 1167 (1987). Moreover, such judgment should be granted only in cases where that right is clear and free from doubt. *Id.* In determining whether to grant a summary judgment motion, a trial court must examine the record in the light most favorable to the non-moving party. *Gore v. Bethlehem Area School District,* 113 Pa.Commonwealth Ct. 394, 537 A.2d 913 (1988).

▇▇ Section 8522(b)(4) of the Judicial Code provides:
(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

.    .    .    .    .

(4) Commonwealth real estate, highways and sidewalks. —A dangerous condition *of* Commonwealth agency real estate and sidewalks, including Commonwealth-owned *real property* ... and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5). (Emphasis added.)
Section 8522(b)(5) of the Judicial Code provides:
(5) Potholes and other dangerous conditions.—A dangerous condition *of highways* under the jurisdiction of a Commonwealth agency created by potholes or sinkholes *or other similar conditions* created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time

prior to the event to have taken measures to protect against the dangerous condition.... (Emphasis added.)

Finally, Section 8528(c) of the Judicial Code limits the types of damages recoverable against the Commonwealth to:

(1) Past and future loss of earnings and earning capacity. (2) Pain and suffering. (3) Medical and dental expenses.... (4) Loss of consortium. (5) Property losses, except that property losses shall not be recoverable in claims brought pursuant to Section 8522(b)(5)....

Appellant maintains that DOT's negligent maintenance of real property adjacent to Route 11 resulted in a dangerous condition which ultimately caused appellant's property damage. Moreover, appellant asserts that the exception to sovereign immunity contained in Section 8522(b)(5) of the Judicial Code is concerned only with dangerous conditions *of highways* caused by natural elements not dangerous conditions *of* Commonwealth *real estate* in general caused by natural elements.

Appellant's argument would seem to be correct in light of the Supreme Court's decision in *Mascaro,* wherein it was stated, "the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury,...." *Id.,* 514 Pa. at 363, 523 A.2d at 1124. In the instant matter, we find that appellant has alleged a defect *of the land itself* and, therefore, should have the opportunity to proceed and further prove its case.

In granting DOT's motion for summary judgment, the trial court placed much reliance upon appellant's expert's statement that "rock slides are natural phenomena ..." to conclude that appellant's claim fell within Section 8522(b)(5) of the Judicial Code. The trial court reasoned that since the land and mud slide were caused by natural elements, appellant had failed to establish a claim within Section 8522(b)(4) of the Judicial Code.

However, we believe that appellant has established issues of material fact concerning DOT's alleged negligent mainte-

nance of the property adjacent to Route 11 and, therefore, has established a claim within Section 8255(b)(4) of the Judicial Code. We find it merely fortuitous that the mud and landslide of March 1, 1987, fell onto the highway. If, for example, appellant's trucks had been parked off the highway near a hill which the Commonwealth had cut away, and a landslide occurred which damaged the vehicles, it could not be said that the damage resulted from a dangerous condition of the roadway within Section 8522(b)(5) of the Judicial Code. Clearly, in that scenario, as well as in the facts presently before the Court, the dangerous condition was of the land itself. We, therefore, find the trial court's decision to grant summary judgment based on Section 8522(b)(5) of the Judicial Code to be erroneous.

Accordingly, the order of the trial court is reversed and the record is remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, this 14th day of June, 1989, the order of the Court of Common Pleas of Northumberland County is reversed and the record is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.