**Paone v. City of Scranton**

*Ralph P. Carey,* for plaintiffs.
*Vito P. Geroulo,* for defendant.
*Richard G. Fine,* for defendant.
*Richard A. Polachek,* for defendant.

O'MALLEY, *J.,* February 15, 1991 — Plaintiffs, Anthony Paone and Mildred Paone, his wife, brought an action in trespass against defendants, the City of Scranton and Walter G. Stocki, trading as Stocki Demolition Company. In their complaint they averred that they were the owners of a building located at 524½ Lackawanna Avenue in the city; that defendant city had an adjoining building demolished, said demolition work being performed by defendant Stocki and directed by the city; that damage, as the result of same, was done to the windows, roof and siding of plaintiffs' building as well as exposing the latter to the elements; that, because of the city's negligence in directing the demolition, the demolition was not done in a workmanlike manner; and that as a result of the negligence of defendants, plaintiffs were required to expend sums of money to repair damages to their windows and roof and for lathing and stuccowork.

Defendant city filed preliminary objections in the nature of a demurrer grounding its argument on two points: (1) that it is safe from such an action by reason of the Governmental Immunity Act (42 Pa.C.S. §8541 et seq.) and the situation not coming under any of the exceptions included in that act; and (2) that, as a matter of law, it can have no liability here because the Pennsylvania Commonwealth Court has declared it is virtually impossible to prove liability of a local agency where the local agency's

negligence is concurrent with that of another tort-feasor. See *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626 (1990).

Because we do not agree with either of defendant city's contentions, the preliminary objections will be dismissed.

Preliminary objections in the nature of a demurrer, pursuant to Pa.R.C.P. 1017(b)(4), will be sustained only when it appears with certainty that the law permits no recovery under the facts pled, and any doubts in the determination should be resolved by overruling the objections. A demurrer admits as true all well-pled facts in the petition or complaint. *Township of Upper Moreland v. Commonwealth, Dept. of Transportation,* 48 Pa. Commw. 27, 409 A.2d 118 (1979).

"A demurrer admits those facts that are well pleaded and says simply that their legal consequences are such as to excuse the demurring party from answering them or proceeding further with the cause. In effect it implies, 'What you say may be true, but so what? You haven't stated a cause of action.'" *Shertzer v. Shutter,* 16 Lebanon L.J. 162 (1976).

The role of the court in ruling on preliminary objections in the nature of a demurrer is to determine whether or not the facts pled are legally sufficient to permit the action to continue. This is so whether the legal determination to be made is relatively simple or relatively difficult. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976).

## I

Plaintiffs claim that damage was done to the windows, roof, and siding of their building, as well as exposing it to the elements. The negligent actions or omissions of defendants, plaintiffs allege, mean

that they will have to expend additional money for lathing and stuccowork in addition to having the lathing and stuccowork comply in color and texture with the building. As we read plaintiffs' complaint, it asserts that the alleged damage may all be the city's responsibility.

In *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), involving a claim against the Department of Environmental Resources, the Supreme Court stated that:

"It is instructive to turn to the real property exception of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8542(b)(3), and its accompanying case law for guidance as to the scope of liability imposed for negligent care of real property. As is true for sovereign immunity, exceptions to the rule of governmental immunity are narrowly interpreted, given the express legislative intent to insulate political subdivisions from tort liability."

It therefore appears that section 8542(b)(3), dealing with local agency real estate, and section 8522(b)(4), concerning Commonwealth real estate, are subject to common interpretation.

Having said that, we can look to the case of *Trenco Inc. v. Commonwealth, Dept. of Transportation,* 126 Pa. Commw. 501, 560 A.2d 285 (1989), for guidance, although it is not on all fours with the present case. There, motor vehicles of the plaintiff while traveling Route 11 suffered damages in a landslide originating from land abutting Route 11, of which PennDOT was the fee owner or right of way owner. The court said:

"[W]e believe that [the plaintiff] has established issues of material fact concerning DOT's alleged *negligent maintenance* of the property adjacent to Route 11, and therefore, has established a claim within section 8255(b)(4) of the Judicial Code." (emphasis supplied)

In the case before us it has been alleged, in substance, that a dangerous condition resulted from the demolition of the building the defendant city had ordered demolished which had been situated adjacent to that of plaintiffs. Whether it be mud and slate issuing forth from PennDOT lands as in *Trenco Inc., supra,* or demolition and exposure as in the present case, the adjoining governmental property is the origin of the plaintiffs' woes. We are aware that the standard of liability imposed upon a political subdivision is no greater than that imposed upon a private landowner, and that is to maintain the property safely for activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). However, the injuries allegedly sustained here did not stem from activities for which the offending property is regularly used, etc. It is not the duty a possessor of land owes toward a third person entering the said land that is here involved. Rather, the legal theory present here is that an owner or possessor of land has a duty to use and maintain his land so as not to injure an adjoining landowner. *McArthur v. Balas,* 402 Pa. 116, 166 A.2d 640 (1961). See *Filipelli v. Commonwealth, Department of Transportation,* 68 Pa. Commw. 619, 450 A.2d 237 (1982), where it was held no cause of action was present where the plaintiffs, owners of land abutting a state highway, alleged that due to the closing of a washed-out road by the Commonwealth for repairs, they suffered damages. The court said:

"Had [the plaintiffs] sustained property damage because of the initial overflow, rather than the closing of the roadway for repair, the complaint would have been well founded. 42 Pa.C.S. §8522(b)(4)." (citations omitted)

With regard to other criteria pertaining to this case, it may be, as we have alluded to before, that the acts of others, i.e. Stocki, were not involved in the harm allegedly caused here, only the failure of defendant city to act. *Mascaro v. Youth Study Center, supra.* Further, the requirement that the artificial condition or defect of the land allegedly must cause the injury, not merely facilitate injury by acts of others (*Snyder v. Harmon, supra*) is met by the alleged direct failure (not facilitation) to act by the city itself and the demolition, obviously an artificial and not a natural condition, of the pulled-down building.

## II

Defendant city's other point is that it is entitled to a demurrer because of the holding in *Crowell v. City of Philadelphia, supra,* which "effectively eradicates joint tort-feasor liability on the part of a local agency. . ."

This argument goes beyond a consideration of the contents of the complaint and assumes, at this early stage of the proceedings, that local agency negligence will be found to be concurrent with that of another tort-feasor. It may be that defendant city will be found solely responsible for plaintiffs' damage, disposing of a potential complication concerning joint tort-feasor liability of governmental and non-governmental defendants. Defendant city's argument here seems to be in the nature of a speaking demurrer which relies for its support on facts not of record and which should therefore be dismissed. *Commonwealth, Department of Justice v. Knox,* 29 Pa. Commw. 302, 370 A.2d 1238 (1977).

One further matter should be noted. Though not set forth in its preliminary objections, the city, in its brief, contends that punitive damages cannot be

assessed against it. This is correct. Nowhere in 42 Pa.C.S. §8553, dealing with the subject, are punitive damages mentioned. "The general rule, as stated by our Supreme Court as long ago as 1847, [*Hermits of St. Augustine v. County of Philadelphia,* 4 Clark 120, 7 Pa. L.J. 124 (1847)] is that punitive damages are not recoverable against a municipality." *Feingold v. SEPTA,* 339 Pa. Super. 15, 488 A.2d 284 (1985).

## ORDER

Now, February 15, 1991, for the reasons stated in the accompanying opinion, it is hereby ordered as follows:

(1) The preliminary objections in the nature of a demurrer filed by defendant, City of Scranton, to the claim for punitive damages as contained in paragraph 12 of the complaint against defendant, City of Scranton, is granted and said paragraph 12 of the complaint is stricken as claimed against the City of Scranton;

(2) The remaining preliminary objections of the City of Scranton in the nature of a demurrer are denied;

(3) The City of Scranton shall file a responsive pleading to the complaint within 20 days of the date hereof.