615 A.2d 931

DREAM MILE CLUB, INC.

v.

TOBYHANNA TOWNSHIP BOARD OF SUPERVISORS.

Appeal of Michael A. GOLEMBESKI and Nancy Golembeski, his wife and Timberline Development Corp., Appellants.

DREAM MILE CLUB, INC., Appellant,

v.

TOBYHANNA TOWNSHIP BOARD OF SUPERVISORS, Appellee.

Commonwealth Court of Pennsylvania.

Argued Dec. 19, 1991.

Decided Sept. 2, 1992.

310

John J. Brier, for appellants, Timberline Development Corp.

Edward J. Hardiman, for appellee, Tobyhanna Tp. Bd., of Sup'rs.

Carolyn Friscoli Furst, for appellee, Dream Mile Club, Inc.

Before CRAIG, President Judge, McGINLEY, Judge (P.), and LEDERER, Senior Judge.

CRAIG, President Judge.

Michael and Nancy Golembeski, d/b/a Timberline Development Corporation (Timberline) appeals a January 17, 1991, order of the Court of Common Pleas of Monroe County sustaining an appeal filed by Dream Mile Club, Inc. (Dream Mile) and reversing a decision by the Tobyhanna Township Board of Supervisors to grant *tentative* approval for a planned residential development (PRD). Additionally, Dream Mile appeals a February 28, 1991 order of the Monroe County Common Pleas Court granting the board's motion to quash Dream Mile's appeal of the board's grant of *final* approval for the PRD. This court has ordered the consolidation of these appeals.

The facts of the case are not in dispute. In 1989, Timberline submitted a plan review application to the board requesting *tentative* approval to develop 38.8 acres into a PRD known as "Stonehedge." On July 11, 1990, the board, after conducting public hearings, granted the tentative approval.

Dream Mile, owner of a tract of land adjacent to Timberline's property, appealed the board's decision to the common pleas court in timely fashion, but did not petition for a stay of the proceedings. Timberline, which filed a notice to intervene under § 1004–A of the Pennsylvania Municipalities Planning

Code (MPC),[1] then filed a petition to require a bond of Dream Mile, pursuant to MPC § 1003–A, 53 P.S. § 11003–A, alleging that Dream Mile's appeal was frivolous. The trial court conducted a hearing on the petition to post bond, but never rendered a decision.

On January 3, 1991, the board granted Timberline's request for *final* approval of the PRD. On January 17, 1991, the trial court sustained Dream Mile's appeal and reversed the board's grant of *tentative* approval. The trial court, basing its decision solely on the fact that the board did not have substantial evidence to grant tentative approval because "the Tobyhanna Township zoning ordinance was not entered into evidence," remanded the case to the board "for any action the Board deems appropriate here." The trial court later noted, citing MPC § 915.1, 53 P.S. § 10915.1, that it "believe[d] that the proceedings before the Board were stayed and, therefore, the Board was without jurisdiction to grant final approval."

The board held a special meeting on January 30, 1991, to add the zoning ordinance to the record, and then to readopt and reconfirm by resolution its grant of both tentative *and* final approval.

Dream Mile appealed the final approval on February 5, 1991, to which the board filed a motion to quash on the ground that Dream Mile did not file its appeal within thirty days of the board's January 3 decision to grant final approval. MPC § 1002–A, 53 P.S. § 11002–A. The trial court granted the motion and quashed Dream Mile's appeal as untimely on February 28, 1991.

Timberline now contends that the trial court erred in reversing the tentative approval because § 6107(a) of the Judicial Code, 42 Pa.C.S. § 6107(a), mandates that the court take judicial notice of local ordinances. However, Timberline further asserts that the trial court's January 17 order was moot because the board had already granted final approval in the absence of a court–ordered stay, there having been no petition requesting a stay in the proceedings.

1. Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1328, 53 P.S. § 11004–A.

The board agrees with Timberline's position, but also questions whether the trial court erred in not making a determination on the petition for a bond.

Dream Mile argues that the trial court cannot take judicial notice of an ordinance that is not part of the record. Dream Mile also contends that the trial court erred in quashing the appeal of final approval because Dream Mile filed that appeal within thirty days of the board's January 30 decision, which, Dream Mile asserts, is the effective date of final approval in that the trial court's January 17 order nullified the board's January 3 decision.

Initially, we note that this is an MPC Article VII, "Planned Residential Development" case. Pursuant to MPC § 702, 53 P.S. § 10702, "[t]he governing body of each municipality may enact, amend and repeal provisions within a zoning ordinance fixing standards and conditions for planned residential development."

Section 909.1(b)(1) of the MPC, 53 P.S. § 10909.1(b)(1), provides the governing body with exclusive jurisdiction to hear and render final adjudications on "[a]ll applications for approvals of planned residential developments under Article VII pursuant to the provisions of section 702."

Article X–A, "Appeals to Court," provides "the exclusive mode for securing review of any decision rendered pursuant to Article IX or deemed to have been made under this act." Significantly,

[t]he filing of an appeal in court under this section *shall not stay* the action appealed from, but the appellants may petition the court having jurisdiction of land use appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition for posting a bond is presented, the court shall hold a hearing to deter-

mine if the filing of the appeal is frivolous. (Emphasis added.)

MPC § 1003–A(d), 53 P.S. § 11003–A(d).

■ Because the trial court took no new evidence, our scope of review is whether the board committed an error of law or an abuse of discretion, which is possible only if substantial evidence does not support the board's findings. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

### 1. Judicial Notice

The first issue is whether the trial court committed reversible error by failing to take judicial notice of the township's zoning ordinance and holding that the record did not contain "adequate evidence" upon which to grant tentative approval.

■ Section 6107(a) of the Judicial Code does mandate that "[t]he ordinances of municipal corporations of this Commonwealth shall be judicially noticed." However, counsel should take the initiative in requesting that the trial court take judicial notice of an ordinance. *Providence Builders, Inc. v. Commonwealth of Pennsylvania,* 89 Pa.Commonwealth Ct. 316, 492 A.2d 488 (1985). Additionally, "[t]he tribunal *may* inform itself of such ordinances in such manner as it may deem proper and the tribunal *may* call upon counsel to aid it in obtaining such information." Judicial Code § 6107(b) (emphasis added).

Timberline cites *McClimans v. Board of Supervisors of Shenango Township,* 107 Pa.Commonwealth Ct. 542, 529 A.2d 562 (1987), for the proposition that the court *must* take notice even if the ordinance was not included in the certified record. In fact, this court held that the relevant plan "was technically made part of the record when the Common Pleas Court took judicial notice of it." *Id.* at 548, 529 A.2d at 566. In the present case, nothing indicates that the developers or the objectors made the zoning ordinance available to the trial court.

 Essentially, the intent of Judicial Code § 6107 is to remove any discretion a court might have in determining whether it will take notice of an ordinance. The section does not direct a court to act on its own in obtaining evidence for the record, but it does provide a court with the authority to take whatever steps the court deems necessary to apply an ordinance.

 Because the zoning ordinance here apparently contains specifications upon which to base approval or disapproval of a PRD, the trial court could not review the board's decision without access to the zoning ordinance to determine whether Timberline's PRD complies. Therefore, in the absence of a basis in the record to support *any* board decision, the trial court understandably remanded the case to the board for further appropriate action. However, because the trial court did not actually review the case on the merits, that court was in error to reverse, rather than vacate, the board's order.

### 2. Stay of Proceedings

 Although the trial court appropriately remanded this case in response to an appeal of tentative approval, we are still confronted with the issues relating to the board's action of granting final approval during the pendency of the tentative approval proceedings. Therefore, the next issue is whether the trial court erred in ruling that the proceedings before the board were stayed, thus depriving the board of jurisdiction to grant final approval.

The trial court relied upon MPC § 915.1(a) as authority for concluding that the proceeding were automatically stayed. Specifically, § 915.1(a) provides, in part:

Upon filing of any proceeding referred to in section 913.3 and during its pendency before the board, all land development pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, and all official action thereunder, shall be stayed....

However, MPC § 913.3, 53 P.S. § 10913.3, refers to appeals under §§ 909.1(a)(1), (2), (3), (4), (7), (8) and (9).[2] As stated above, the present case is an Article VII situation to which § 909.1(b)(1) refers. Therefore, the automatic stay provision in § 915.1(a) is not applicable.

Under MPC § 1003–A(d), an appellant must petition the court for a stay, which Dream Mile did not do. Therefore, the trial court erred in concluding that a stay caused the board's January 3 grant of final approval to become moot.

### 3. Motion to Quash

The final issue is whether the trial court erred in sustaining Timberline's motion to quash Dream Mile's appeal of final approval on the grounds of untimely filing. Dream Mile filed its appeal on February 5, which is beyond the 30–day statutory limitation (MPC § 1002–A) for filing *if* we recognize January 3 as the date which tolled the 30–day period. Dream Mile contends that, because it believed that the trial court's January 17 order nullified the board's January 3 decision, the date signifying the commencement of the 30–day filing period is January 30, when the board amended the record and readopted its previous decisions.

Under ordinary circumstances, we would reject Dream Mile's argument because January 3 is clearly the date that the board issued its order of final approval. The January 30 resolution was not a new, amended or modified order. Moreover, the trial court's January 17 order addressing the appeal of tentative approval was not related to an appeal of final approval.

■ However, the situation becomes complicated by the fact that the trial court stated in its opinion, albeit erroneously, that an automatic stay nullified the board's January 3 decision. A party can extend the time fixed by statute for appeals if the court stays the proceedings in some manner. *In re Fenerty*, 356 Pa. 614, 52 A.2d 576 (1947), *cert. denied,*

2. 53 P.S. §§ 10909.1(a)(1), (2), (3), (4), (7), (8) and (9).

*Fenerty v. Philadelphia Bar Association,* 332 U.S. 773, 68 S.Ct. 89, 92 L.Ed. 358 (1947).

■ In the present case, the trial court led Dream Mile to believe that an automatic stay rendered the January 3 decision as moot. Therefore, the board's January 30 resolution, following the trial court's remand, could accurately be viewed by Dream Mile as the date from which the 30–day period commenced.

Accordingly, because Dream Mile should not penalized for relying upon the trial court's erroneous conclusion that an automatic stay was in effect, we must reverse the trial court and deny Timberline's motion to quash.

## Conclusion

We note the trial court's omission to rule on the petition to post bond, but we also recognize the confusion associated with the events that transpired. The trial court reversed the decision and remanded the case when reviewing tentative approval even though it well may have intended to vacate and remand; the board proceeded to rule on Timberline's application for final approval on the belief that it had jurisdiction to do so in the absence of a stay being requested and granted; and Dream Mile's reliance upon the trial court's error of law regarding an automatic stay resulted in an untimely filed appeal of final approval which we now accept.

The one factor which must guide our resolution of this case is that the trial court has still not had an opportunity to review Timberline's application for a PRD on the merits. Although the trial court erred in its rulings with regard to the board's final approval decision, we agree with the trial court that substantial evidence did not support the board's decision to grant any approval.

The board corrected that omission on January 30 by adding the zoning ordinance to the record, and Dream Mile filed an acceptable appeal on February 5. Therefore, in the interest of judicial economy, this case is now ripe for a review of both tentative and final approval by the trial court.

318

Accordingly, we must vacate the trial court's January 17 order and remand this case to the trial court for a decision on the bond request, as to which the trial court has already completed a hearing, and for a review on the merits of the application for a PRD. Additionally, we reverse the trial court's February 28 order and deny the board's motion to quash Dream Mile's appeal as untimely.

## ORDER

### No. 361 C.D. 1991

NOW, September 2, 1992, the order of the Court of Common Pleas of Monroe County, dated January 17, 1991, at No. 1906 CIVIL 1990 is vacated, and the case is remanded to the common pleas court for a decision on the bond request, as to which the trial court has already completed a hearing, and for review of both tentative and final approval of the planned residential development.

Jurisdiction relinquished.

## ORDER

### No. 652 C.D. 1991

NOW, September 2, 1992, the order of the Court of Common Pleas of Monroe County, dated February 28, 1991, at No. 1906 CIVIL 1990, is reversed.

This matter was argued before a panel consisting of CRAIG, President Judge, McGINLEY, J., and BARBIERI, Senior Judge. Because of the conclusion of Senior Judge BARBIERI's service, the case was submitted on briefs to Senior Judge LEDERER for his consideration as a member of the panel.