IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Keefe, CO 83, LLC, d/b/a : **CONSOLIDATED CASES**
Hoffstots Café Monaco, and 515 :
Allegheny Avenue Holding :
Company, d/b/a Chelsea's Grille, :
:
Appellants :
:
v. : No. 1214 C.D. 2024
: No. 1751 C.D. 2024
Borough of Oakmont, Oakmont : Argued: November 6, 2025
Borough Council, and Local :
Remedy Brewing, LLC :


BEFORE: HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: April 7, 2026


John Keefe, CO 83, LLC, d/b/a Hoffstots Café Monaco, and 515 Allegheny Avenue Holding Company, d/b/a Chelsea's Grille (collectively, Keefe) appeals the order of the Allegheny County Court of Common Pleas (trial court), dated August 29, 2024, that affirmed the decision of the Council of the Borough of Oakmont (Borough Council) granting conditional use approval to Intervenor Local Remedy Brewing, LLC (Applicant) to permit a craft brewery and taproom. Borough Council granted conditional use approval upon determining that Applicant satisfied all conditional use requirements of the "Zoning Ordinance of the Borough of

Oakmont" (Zoning Ordinance),[1] which included relaxed parking standards. Keefe contends that Borough Council erred in granting the conditional use approval because the relaxed parking provision relied upon was subsequently invalidated. Keefe asserts that Applicant cannot establish a vested property interest in the conditional use approval and is unable to satisfy the parking requirements as they existed prior to the adoption of the relaxed parking standards. We affirm on alternative grounds.

Applicant leases property located at 531 Allegheny Avenue, Oakmont, Pennsylvania (Property), which contains a vacant building and a surface parking lot with eight off-street parking spaces.[2] The Property is located in the Commercial District of the Borough of Oakmont (Borough) under the Zoning Ordinance. On October 4, 2023, Applicant filed an application for conditional use (Application) to use the Property as a craft brewery and taproom.

Pursuant to Section 205 of the Zoning Ordinance, Chart C, uses permitted in the Commercial District include bar/tavern, beverage distribution, club/lodge, coffee shop, confectionary, drive-through restaurant, fast food restaurant, and retail. Zoning Ordinance, §205. The Zoning Ordinance does not specifically identify craft brewery and taproom. A use not listed in the Zoning Ordinance is permitted in the Commercial District as a conditional use if it complies with the Zoning Ordinance's (1) general requirements for conditional uses, (2) requirements for uses not listed in the land use table, and (3) requirements for the

---

[1] The Zoning Ordinance was adopted by Borough Council on September 8, 1997, by Ordinance No. 023-97, and revised and reenacted by Ordinance No. 038-2014 on October 13, 2014. The complete Zoning Ordinance is available online at: https://ecode360.com/8794016#8794016 (last visited April 6, 2026).

[2] The Property was the former cite of the Oakmont Bakery. *See* Reproduced Record at 31a, 33a.

2

most comparable use. *See* Zoning Ordinance, §§205-405, 205-417, 205-469. Borough Council identified "bar/tavern" as the most compatible use to the proposed use. Reproduced Record (R.R.) at 102a; *see id*. at 58a.

Included in the general requirements for conditional uses under Section 205-405 of the Zoning Ordinance was the satisfaction of the parking provisions, which the Borough amended on March 20, 2023, by enacting Ordinance No. 01-2023 (Parking Ordinance 2023). Applicant's proposed use required 21 parking spaces. Parking Ordinance 2023 permitted public on-street parking spaces to count toward the fulfillment of the parking requirements in conditional use applications if supported by a traffic study that such allowance would not create traffic congestion or parking concerns.[3]

In connection with its Application, Applicant submitted: (1) a narrative describing craft brewery and taproom uses, Applicant's operations and use of the Property, and community engagement (R.R. at 31a-32a); (2) authorization of the Property owner, JOMADD, LLC to apply for conditional use approval (*id*. at 30a); (3) site and development plans (*id*. at 41a-44a); (4) an environmental impact assessment statement (*id*. at 12a); and (5) a traffic study and parking analysis (*id*. at 33a-34a, 45a).

On October 26, 2023, the Borough Planning Commission reviewed the Application at a public meeting and unanimously recommended its approval. On November 6, 2023, the Borough's engineer reviewed the Application and identified noncompliance issues, including parking. R.R. at 35a-36a. Applicant responded to the letter by citing the traffic study and parking analysis included with the Application. *Id*. at 37a-38a. These studies estimated that the proposed use would

---

[3] Prior to the amendment, the Zoning Ordinance required businesses in the Commercial District to fulfill the parking requirements using off-street parking for their patrons.

3

generate fewer than 100 trips per day, calculated a need for 21 parking spots based on 18 trips per hour plus 3 employee spots, confirmed the availability of 149 parking spaces (141 on-street and 8 off-street), and concluded that the proposed use would not create parking concerns. *Id*. at 33a-34a, 37a-38a, 45a, 62a. Upon further and final review, by letter dated December 5, 2023, the Borough's engineer provided an update acknowledging that the outstanding concerns in the prior letter were addressed. *Id*. at 39a-40a. With regard to parking, the letter stated:

> The Ordinance requires the Borough may allow on-street parking to count for parking requirements for a use if developer supports through a traffic study that allowance will not create traffic congestion and/or parking concerns. (Section 205-405.F.) **Previous Comment:** *The submission makes use of on-street parking to satisfy the parking requirement for the subject use. No information, including the required study has been provided, to justify the use of on-street parking or assert that the proposed use will not create parking concerns.* **Status: The applicant requests approval of the Borough to use existing on-street parking spaces to partially satisfy the required parking demand for the proposed use.**

R.R. at 39a (emphasis in original).

On December 18, 2023, Borough Council held a public hearing, wherein Applicant defended the Application. Applicant presented the testimony of its President, Mathew Synan, and evidence supporting the availability of 149 parking spaces, including 8 on-site parking spaces and 141 available on-street parking spaces. R.R. at 33a-34a, 45a, 58a-59a, 62a. Keefe, a rival business owner of two similar establishments nearby, opposed the Application. *Id*. at 79a-82a.

At the close of the hearing, Borough Council unanimously voted to grant conditional use approval. R.R. at 84a-85a. In the written determination that followed, Borough Council concluded that Applicant satisfied all conditional use

4

requirements of the Ordinance. *Id*. at 100a-104a. Borough Council specifically referred to Section 205-469 of the Ordinance, which set forth the requirements for all other comparable uses, and Section 205-417 of the Ordinance, which set forth the requirements for a bar/tavern. *Id*. at 102a-4a. Although Borough Council's written decision did not specifically cite the Zoning Ordinance's parking provisions, as amended by Parking Ordinance 2023, the record reflects that Council fully considered the issue of parking, including objectors' concerns, and was satisfied that the Application met the applicable parking requirements in effect at the time. *See id*. at 39a-40a, 58a-62a, 70a, 79a-80a, 84a-85a.

Keefe preemptively appealed the oral vote and then timely appealed the written determination to the trial court. Keefe asserted that Applicant failed to comply with Section 205-405's general requirements for conditional uses, namely the parking requirements. R.R. at 6a-7a. Keefe also notified the trial court of a substantive validity challenge of Parking Ordinance 2023, which was pending during the conditional use proceedings. *Id*. at 8a. The trial court consolidated Keefe's conditional use appeals and, without taking additional evidence, affirmed by decision dated August 29, 2024. These consolidated appeals now follow.[4]

Notably, after the trial court affirmed the conditional use approval, Keefe prevailed on his substantive validity challenge of Parking Ordinance 2023. *Keefe v. Borough of Oakmont Zoning Hearing Board*, 326 A.3d 1050, 1062-64 (Pa. Cmwlth. 2024) (*Keefe I*). In *Keefe I*, Keefe challenged Parking Ordinance 2023 on various grounds, including equal protection because it eased parking requirements for new businesses but not existing businesses. Both the Borough's

---

[4] Where, as here, the trial court did not take any additional evidence, our review is limited to determining whether the governing body committed an abuse of discretion or an error of law. *Larock v. Board of Supervisors*, 961 A.2d 916, 923 (Pa. Cmwlth. 2008).

Zoning Hearing Board and the trial court denied relief. On further appeal to this Court, we reversed. *Id*. By decision dated November 6, 2024, we invalidated Parking Ordinance 2023 on the equal protection challenge upon concluding that Parking Ordinance 2023 conferred a benefit on new businesses but not existing businesses. *Id*.

In this appeal, Keefe seeks relief based on *Keefe I*. Keefe argues that, because *Keefe I* rendered Parking Ordinance 2023 void *ab initio*, Applicant's conditional use approval, which depended in part on satisfying the stricken parking provision, is likewise null and void. Keefe claims that Applicant failed to satisfy the parking provision as it existed prior to the adoption of the relaxed parking standards, which were automatically reinstated following *Keefe I*. Keefe contends that Applicant cannot establish a vested property interest in the conditional use approval. For these reasons, Keefe requests this Court to reverse the trial court's decision and revoke the conditional use approval.

In response, the Borough, Borough Council,[5] and Applicant (collectively, Appellees) advise that, following *Keefe I*, the Borough amended the Zoning Ordinance by enacting Ordinance No. 01-2025 (Parking Ordinance 2025) on March 18, 2025. Appellees appended a copy of Parking Ordinance 2025 to their briefs and ask this Court to take judicial notice of the new ordinance pursuant to Section 6107(a) of the Judicial Code, 42 Pa. C.S. §6107(a). Appellees assert that Parking Ordinance 2025 cured the constitutional defect by applying the same relaxed parking requirements of Parking Ordinance 2023 to both new and existing businesses. They contend that the Application fully complies with the parking requirements set forth in the new Parking Ordinance 2025, just as it complied with

---

[5] The Borough and Borough Council filed a joint brief.

6

those same requirements in former Parking Ordinance 2023, and any claim to the contrary fails. According to Appellees, Applicant's satisfaction of Parking Ordinance 2025 removes any legal basis for the Borough to revoke the conditional use approval and has mooted all of Keefe's issues in this appeal.[6] Appellees ask this Court to affirm the conditional use approval on this basis or, in the alternative, to remand if the Court finds that the record is insufficient to reach a determination.

We begin by addressing Appellees' request for judicial notice and the issue of mootness. Section 6107(a) of the Judicial Code provides: "The ordinances of municipal corporations of this Commonwealth shall be judicially noticed." 42 Pa. C.S. §6107(a). "An ordinance reflects the process of majority vote on legislative matters by elected representatives." *Filler v. Commonwealth Federal Savings and Loan Association*, 531 A.2d 1167, 1169 (Pa. Cmwlth. 1987). This Court has previously exercised such authority. *See Valley Forge Sewer Authority v. Hipwell*, 121 A.3d 1164, 1168 n.5 (Pa. Cmwlth. 2015); *Commonwealth v. Marcus*, 690 A.2d 842, 844 (Pa. Cmwlth. 1997); *Dream Mile Club, Inc. v. Tobyhanna Township Board of Supervisors*, 615 A.2d 931, 934 (Pa. Cmwlth. 1992). As this Court has explained:

> [T]he intent of [Section 6107(a)] is to remove any discretion a court might have in determining whether it will take notice of an ordinance. The section does not direct a court to act on its own in obtaining evidence for the record, but it does provide a court with the authority to take whatever steps the court deems necessary to apply an ordinance.

*Dream Mile Club*, 615 A.2d at 934.

Taking judicial notice of Parking Ordinance 2025, it is readily apparent that the new parking provisions are the same as Parking Ordinance 2023. *Compare*

---

[6] Keefe did not file a brief in reply addressing Parking Ordinance 2025 or mootness.

Ordinance No. 01 of 2023 *with* Ordinance No. 01-2025.[7]  The only difference is that the new ordinance applies to both new and existing businesses thereby alleviating the constitutional defect identified in *Keefe I*.  Because this change did not alter the parking requirements under which the conditional use approval was granted, a remand is not necessary to determine whether Applicant's parking proposal fully complies with Parking Ordinance 2025.  Applicant's parking proposal complies with Parking Ordinance 2025 just as it complied with the same requirements under former Parking Ordinance 2023 when its Application was granted.  For these reasons, we conclude that Keefe is not entitled to the requested relief, and Keefe's issues on appeal have been rendered moot by the adoption of Parking Ordinance 2025.  *See Picone v. Bangor Area School District*, 936 A.2d 556, 560 n.4 (Pa. Cmwlth. 2007) (noting "[c]ourts do not decide moot questions," and an issue may "become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law").[8]

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[7] Parking Ordinance 2023 is available online at https://oakmontborough.com/wp-content/uploads/O1-of-2023-Parking-Ordinance-Amendment.pdf (last visited April 6, 2026), while a copy of Parking Ordinance 2025 is appended to both Appellees' briefs and is available online at: https://oakmontborough.com/wp-content/uploads/O1-of-2025-Amended-Parking-Ordinance.pdf (last visited April 6, 2026).

[8] We "may affirm on grounds different than those relied upon by the court or agency below if such grounds for affirmance exist." *Smart Communications Holding, Inc. v. Wishnefsky*, 240 A.3d 1014, 1016 n.2 (Pa. Cmwlth. 2020) (citation and quotation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| John Keefe, CO 83, LLC, d/b/a Hoffstots Café Monaco, and 515 Allegheny Avenue Holding Company, d/b/a Chelsea's Grille, | : **CONSOLIDATED CASES**<br>:<br>:<br>:<br>: |
| Appellants | :<br>: |
| v. | :<br>: No. 1214 C.D. 2024<br>: No. 1751 C.D. 2024 |
| Borough of Oakmont, Oakmont Borough Council, and Local Remedy Brewing, LLC | :<br>:<br>: |

# **O R D E R**

AND NOW, this 7th day of April, 2026, the order of the Allegheny County Court of Common Pleas, dated August 29, 2024, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge