# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole L. Custer, :
                    Petitioner :
                              :
          v.                  : No. 564 M.D. 2018
                              : Submitted: February 7, 2020
Commonwealth, Department of   :
State, Bureau of Professional and :
Occupational Affairs, Kathy   :
Boockvar, Kalonji Johnson, Ian :
Harlow, State Board of Occupational :
Therapy Education and Licensure, :
Kerri Hample, Joanne M. Baird, :
Carolyn M. Gatty, Christine L. :
Hischmann, Edward J. Mihelcic, :
Commonwealth, Department      :
of Human Services, and Teresa :
D. Miller,                    :
                    Respondents :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: October 29, 2020

        Before the Court are the preliminary objections filed by the Department of State, Bureau of Professional and Occupational Affairs; Secretary of State, Kathy Boockvar; Kalonji Johnson; Ian Harlow; the State Board of Occupational Therapy Education and Licensure; Kerri Hample; Joanne M. Baird; Carolyn M. Gatty; Christine L. Hischmann; Edward J. Mihelcic; the Department of Human Services; and Secretary of Human Services, Teresa D. Miller (collectively, Respondents) to Nicole L. Custer's amended petition for review filed in this Court's original jurisdiction. Under various legal theories, Custer's amended petition seeks, *inter*

*alia*, to compel the State Board of Occupational Therapy Education and Licensure (State Board) to renew her license as an occupational therapist as of July 5, 2017, the date on which she completed all requirements for license renewal. The State Board marked Custer's license as "expired" because its agent did not notify it that Custer had completed the online continuing education requirement for a license renewal. Respondents assert that the amended petition for review does not state a cognizable claim for relief and should be dismissed.

## I. Procedural Background

On August 20, 2018, Custer filed a petition for review addressed to this Court's appellate and original jurisdiction. Respondents moved to quash the appellate claim and to dismiss the original jurisdiction claim. In a single-judge opinion, the Court granted the motion to quash the appellate jurisdiction claim; sustained the preliminary objections to the original jurisdiction claim; and dismissed the petition for review with prejudice. *See Custer v. Department of State, Bureau of Professional and Occupational Affairs* (Pa. Cmwlth., No. 564 M.D. 2018, filed June 18, 2019) (Brobson, J.).

The Court reasoned that Custer could not appeal letters sent to her by the State Board and the Department of State, Bureau of Professional and Occupational Affairs (Department of State), because they were not adjudications. The Court also concluded that Custer was required to complete her licensing requirements by June 30, 2017, and did not do so until July 5, 2017. Accordingly, she had no legal right to renewal of her license as of June 30, 2017.

Custer then filed an application for reconsideration of the Court's ruling on her original jurisdiction claim and sought leave to file an amended petition for

2

review. This Court granted reconsideration; vacated its order of June 18, 2019; and granted leave for the filing of an amended petition for review within 30 days.

Custer's amended petition for review then followed, seeking a declaration that her license was renewed as of July 5, 2017, rather than February 27, 2018. It presents the following factual bases and legal theories in support of her request for relief.

## II. Factual Background

Custer is an occupational therapist who treats children with disabilities. She began her career with United Cerebral Palsy, working with cerebral palsy patients to develop the skills they needed to perform daily activities. Amended Petition for Review (Amended Petition) ¶6. Since 2008, Custer has worked primarily in early intervention to promote the development of infants, toddlers and preschoolers in everyday routines. *Id*. ¶7. Her patients are newborns to three-year-olds with conditions such as Down's Syndrome, cerebral palsy, autism, premature birth, drug addiction or behavioral issues. *Id*. ¶8. Custer was first licensed as an occupational therapist in 2003, pursuant to the Occupational Therapy Practice Act, Act of June 15, 1982, P.L. 502, No. 140, *as amended*, 63 P.S. §§1501-1519. *Id.* ¶4.

On June 30, 2017, Custer submitted a renewal application for her occupational therapist license to the Department of State's website and paid the renewal fee. *Id*. ¶22. On July 5, 2017, Custer received a "License Renewal Discrepancy Letter" by email from the Department. *Id*. ¶23, Ex. 1. The email acknowledged receipt of her renewal application and advised that she had to complete a course on child abuse recognition before her license could be renewed. *Id*. ¶24, Ex. 1. The email stated as follows:

3

Since the implementation of Act 31 of 2014,[1] you are now required to complete **two hours of [State] Board approved Child Abuse Recognition and Reporting Continuing Education (Child Abuse CE)** before your license can be renewed.

If you have met the **Child Abuse CE requirement, but are receiving this notice**, you must **contact** the [State] Board **approved provider** that offered the course to ensure that they have submitted an electronic certification of completion to the [State] Board.

\* \* \*

- **DO NOT** reply to this email and/or submit a paper copy of your certification of completion. We cannot accept paper certificates.

- Proof of completing the course **MUST BE** submitted electronically from the course provider to the [State] Board.

\* \* \*

**Please be advised that your license WILL NOT be renewed until the Child Abuse CE requirement has been met.**

*Id.* at Ex. 1 at 1-2 (emphasis in original).

That same day, Custer completed the required Child Abuse CE course online through the University of Pittsburgh School of Social Work, Pennsylvania Child Welfare Resource Center (University). Amended Petition ¶32. As directed by the above-quoted email, Custer did not submit documentation to the Department of State that she had completed the course.

On February 12, 2018, Custer submitted claims for reimbursement to the Department of Human Services for occupational therapy services she rendered

---

[1] Act of April 15, 2014, P.L. 411, No. 31.

4

to Medical Assistance enrollees. *Id.* ¶39. The Department of Human Services informed her that her license was expired. *Id.* ¶40. Custer contacted the State Board and learned that it marked her license as "expired" because the Board had not received certification from the University that she had completed the Child Abuse CE course. *Id*. ¶41. Custer immediately re-took the course, and the State Board reactivated her license on February 27, 2018. *Id.* ¶¶42-43.

Custer then contacted the University to determine why she had not been credited for the continuing education course she completed on July 5, 2017. *Id.* ¶45. She learned that the University had mistakenly credited her husband, who is also a professional licensee subject to the Child Abuse CE requirement. *Id*. ¶53. The University corrected the mistake and reported the credits to the State Board as having been completed by Custer on July 5, 2017. *Id.* ¶56.

When Custer contacted the State Board to request a renewal of her license as of June 30, 2017, the Board Administrator responded, "[u]nfortunately the [State] Board cannot make the change retroactive. All the renewal requirements must be met, received, and processed on or before the 30 days after expiration." *Id*. ¶60. Custer requested information on how to appeal that decision, but she did not receive a response. *Id*. ¶¶61-62.

In April 2018, the Department of Human Services notified Custer that because her license had been expired for the period between June 30, 2017, and February 26, 2018, she owed the Department of Human Services $50,307.84, which was the amount it had paid to her for services she rendered during that period to patients enrolled in Medical Assistance. *Id.* ¶75. Custer, now represented by legal counsel, again requested the State Board to correct the mistake of its agent, the

5

University, by reactivating her license as of June 30, 2017. *Id*. ¶77, Ex. 12. The Department of State and the State Board refused her request. *Id*. ¶80.

### III. Amended Petition for Review and Preliminary Objections

The amended petition for review contains several counts: Count I requests this Court to issue a writ of mandamus to the Department of State and State Board to deem Custer's occupational therapist license renewed as of July 5, 2017, or, alternatively, conduct a fair and adequate hearing on the matter. Count II seeks a declaratory judgment that Custer's license was renewed as of July 5, 2017, and none of Respondents may take any administrative, disciplinary, civil or criminal action against her for allegedly unlicensed activity. Count III asserts that the individual Respondents violated Custer's due process rights under the United States Constitution by refusing to acknowledge the renewal of her license on July 5, 2017. Count IV asserts that all Respondents have violated her due process rights under the Pennsylvania Constitution. Count V asserts a substantive due process claim under the United States Constitution against the individual Respondents for refusing to acknowledge her July 5, 2017, license renewal. Count VI asserts a substantive due process claim under the Pennsylvania Constitution against all Respondents for failing to acknowledge renewal of her license as of July 5, 2017. Count VII asserts a claim that the individual Respondents have violated Custer's right to equal protection under the United States Constitution by refusing to acknowledge the renewal of her license on July 5, 2017. Count VIII asserts an equal protection claim under the Pennsylvania Constitution against all Respondents for refusing to acknowledge her July 5, 2017, license renewal. Count IX seeks an injunction against all Respondents to restrain their unconstitutional conduct.

6

Custer seeks relief in the form of a declaratory judgment that her constitutional rights were violated; a declaratory judgment that her license renewed as of July 5, 2017; an order that Respondents may not initiate or aid in administrative, disciplinary, civil or criminal actions against her for the stated ground that the license had expired; and an order that the Secretary of Human Services, Teresa Miller, may not seek recovery of the fees paid to Custer for services she rendered for the stated reason that her license had expired. Custer seeks an award of costs and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 (actions for deprivations of civil rights and in vindication of civil rights).

In response, Respondents filed preliminary objections in the nature of a demurrer to all nine counts. Respondents assert that Count I of the amended petition for review does not present a clear right to relief, which is necessary for a writ of mandamus; Count II does not present a case in controversy, which is necessary for a declaratory judgment; Counts III and IV do not state a procedural due process claim and none of the individual Respondents are alleged to have been personally involved in any action adverse to Custer; Counts V and VI do not state a substantive due process claim and none of the individual Respondents are alleged to have been personally involved in any action adverse to Custer; Counts VII and VIII do not state an equal protection claim and none of the individual Respondents are alleged to have been involved in any action adverse to Custer; and Count IX does not state a cognizable claim for equitable relief.

When considering preliminary objections, we must accept as true all well-pleaded facts and inferences, but not conclusions of law. *Cowell v. Department of Transportation*, 883 A.2d 705, 707 n.2 (Pa. Cmwlth. 2005). "Preliminary objections in the nature of a demurrer should be sustained only where the pleadings

7

are clearly insufficient to establish a right to relief; any doubt must be resolved in favor of overruling the demurrer." *Id.*

## IV. Analysis

## A. Mandamus

Respondents argue that Custer is not entitled to a writ of mandamus to compel the State Board or the Department of State to renew her license as of July 5, 2017, or to direct them to conduct a hearing on the effective date of her license renewal. Respondents acknowledge that the State Board has a ministerial duty to renew the licenses of occupational therapists who qualify for them and that Custer was qualified. However, Respondents argue that it was Custer's responsibility to ensure that the University submitted the Child Abuse CE documentation to the State Board. Further, Custer has not pointed to any statute that would authorize the Board to backdate her occupational therapist license.

Custer responds that she had a clear legal right to have her license renewed as of July 5, 2017. Neither the statute nor the regulations impose a duty on her to notify the Department of State that she completed the required course. To the contrary, the Department of State directed her not to contact it once she completed the Child Abuse CE course. Custer asserts that a writ of mandamus is necessary to compel Respondents to renew her license as of the date she qualified, *i.e.*, July 5, 2017.

A writ of mandamus compels a public official's performance of a ministerial act or mandatory duty. *Chesapeake Appalachia, LLC v. Golden*, 35 A.3d 1277, 1280 n.7 (Pa. Cmwlth. 2012). Mandamus requires a clear legal right to relief in the petitioner, a corresponding duty in the respondent and the lack of any other adequate and appropriate remedy. *Wilson v. Pennsylvania Board of Probation and*

8

*Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). Mandamus is not available to establish legal rights but only to enforce rights that have been established. *Id.* As a high prerogative writ, mandamus is rarely issued and never to interfere with a public official's exercise of discretion. *Chadwick v. Dauphin County Office of Coroner*, 905 A.2d 600, 603 (Pa. Cmwlth. 2006).

The amended petition alleges that Custer met the requirements for renewal of her license as of July 5, 2017, and the University so informed the Department of State. It further alleges that the Secretary of State will neither correct the effective date of her renewal license nor give her a hearing on its refusal to act. Respondents ignore these well-pled facts and simply assert, in conclusory fashion, that a license renewal date cannot be corrected.

Respondents concede that a license renewal is a ministerial duty and that Custer has no other adequate and appropriate remedy. Because the amended petition for review asserts facts supporting Custer's right to a license as of July 5, 2017, Respondents' preliminary objection to Count I of the amended petition for review will be overruled.

## B. Declaratory Judgment

Respondents next contend that Custer is not entitled to a declaratory judgment because she has not established that there is a genuine controversy ripe for review. They assert that the amended petition itself shows that Custer did not successfully renew her license and, thus, it expired by operation of law. After she submitted the required documents in February 2018, the Department of State reactivated her license.

Custer responds that the amended petition presents a controversy, *i.e.*, the Department of Human Services and the Secretary of Human Services have

9

demanded the return of fees she earned for treating Medical Assistance patients. There is no question that she provided the services, and there is no question that she qualified for a license renewal as of July 5, 2017, before she rendered the services.[2] The Department of State forbade Custer to send her Child Abuse CE record to the State Board, for the stated reason that it would only accept electronic certification directly from the course provider. Custer had no reason to believe the University, the course provider chosen by the State Board, would not timely submit her certificate of completion. Neither the State Board nor the Department of State notified Custer that it considered her license to be expired. She learned that fact months later in February 2018 and from a third party, the Department of Human Services.

The amended petition alleges that the University mistakenly credited her completion of the Child Abuse CE course to her husband. The University corrected the mistake and thereafter informed the State Board that Custer did indeed complete the course on July 5, 2017. Nevertheless, the State Board refuses to correct its records in response to the University's correction.

The Declaratory Judgments Act provides "relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa. C.S. §7541(a). In a declaratory judgment action, the plaintiff "must allege an interest by the party seeking relief which is direct, substantial and present, ... and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights." *Bowen v. Mount Joy Township*, 644 A.2d 818, 821 (Pa. Cmwlth. 1994) (quoting *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections*, 631

---

[2] The State Board gave her a 30-day grace period for completing the Child Abuse CE course. Technically, she qualified as of June 30, 2017.

10

A.2d 767, 771 (Pa. Cmwlth. 1993)).  The Pennsylvania Supreme Court has further explained that

> *[a] declaratory judgment must not be employed* to determine rights in anticipation of events which may never occur or for consideration of moot cases or *as a medium for the rendition of an advisory opinion* which may prove to be purely academic.

*Gulnac by Gulnac v. South Butler County School District*, 587 A.2d 699, 701 (Pa. 1991) (emphasis added).

The amended petition presents, as fact, that the Department of State did not timely renew Custer's license because of an error by the University and that the Department would only accept information from the course provider.  The Department of State did not notify her that it did not receive the course certificate from the University, let alone that her license had expired.  The Department of Human Services' demand for restitution is premised entirely on its belief that Custer's license had expired when she rendered services to the Medical Assistance enrollees.  The controversy is not hypothetical; it is real and ongoing.

The facts as pled establish an actual controversy that is direct, substantial and present.  Respondents' preliminary objection to Count II of the amended petition for review will be overruled.

### C. Procedural Due Process

Respondents next contend that the amended petition does not state a violation of procedural due process, and none of the individual Respondents were involved in any of the matters complained of in the amended petition. Custer cannot claim a procedural due process violation because the Department of State has not issued an adjudication (or final order).

11

Custer responds that she has a protected property interest in her occupational therapist license, which she needs to practice her profession. *Khan v. State Board of Auctioneer Examiners*, 842 A.2d 936, 946 (Pa. 2004). She argues that procedural due process guarantees a licensee notice and the opportunity to be heard before her license authority can be extinguished for any reason. Here, the Department of State recorded her license as expired because of the mistake of its agent, the University, which did not inform the Department of State that Custer had completed the Child Abuse CE course on July 5, 2017. Had it done so, Custer's license would have been renewed as of June 30, 2017.[3] Although the Department of State took her renewal fee, it did not tell her that it did not renew her license.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, §1. Our Supreme Court has held that due process of law is also guaranteed by Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution. *Lyness v. State Board of Medicine*, 605 A.2d 1204, 1207 (Pa. 1992). "[T]he due process standards of [the] United States and Pennsylvania Constitutions are essentially the same." *Muscarella v. Commonwealth*, 87 A.3d 966, 973 (Pa. Cmwlth. 2014).

The basic elements of procedural due process are "adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). Courts examine procedural due process claims in two steps: "the first asks whether there is a life, liberty, or property interest that the state has

---

[3] The State Board gives licensees an additional 30 days after the expiration of their licenses to submit documentation showing that their renewal requirements were met. Amended Petition ¶31. *See also* Amended Petition, Ex. 2**.**

interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient." *Id.*

Section 15(a) of the Occupational Therapy Practice Act states, in relevant part, as follows:

*A license issued under this act shall be renewed biennially upon payment of the renewal fee prescribed[.]* It shall expire unless renewed in the manner prescribed by the regulations of the [State Board]. The [State Board] may provide for the late renewal of a license upon the payment of a late fee. A late renewal of a license shall not be granted more than four years after its expiration. A license shall be renewed after the four-year period only by [written examination]. The [State Board] may establish additional requirements for license renewal designed to assure continued competency of the applying occupational therapist or occupational therapy assistant.

63 P.S. §1515(a) (emphasis added). The amended petition states that Custer paid the renewal fee and completed a Child Abuse CE course. These facts demonstrate her compliance. We reject Respondents' contention otherwise.

Additionally, Custer is not required to establish the personal involvement of each Respondent since she seeks injunctive and declaratory relief. *Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016). Rather, she is only required to name an official or officials "who can appropriately respond to injunctive relief." *Id.* (quoting *Hartmann v. California Department of Corrections & Rehabilitation*, 707 F.3d 1114, 1127 (9th Cir. 2013)). Here, she has done so.

The amended petition states a procedural due process claim: it alleges that Custer's license expired without her being so informed, even though she completed her licensing requirements and paid the fee. Her request for a hearing was

13

denied. Respondents' preliminary objections to Counts III and IV of the amended petition for review will be overruled.

## D. Substantive Due Process

Respondents next contend that the amended petition does not state a substantive due process claim because it was Custer's obligation to maintain her license. Further, they contend that none of the individual Respondents were personally involved in the alleged constitutional violation. Nevertheless, Respondents acknowledge that the right to pursue one's profession is a substantive due process right, and any restriction on that right must be rational. They argue that Custer simply failed to comply with Section 15(a) of the Occupational Therapy Practice Act, 63 P.S. §1515(a).

Custer responds that she was deprived of her license in an unreasonable, arbitrary, and irrational manner. This states a substantive due process claim.

"The substantive protections of due process are meant to protect citizens from arbitrary and irrational actions of the government." *Gresock v. City of Pittsburgh Civil Service Commission*, 698 A.2d 163, 169 (Pa. Cmwlth. 1997) (citation omitted). Substantive due process protections afforded under the Pennsylvania Constitution and the United States Constitution are analyzed the same and are thus coextensive. *Griffin v. Southeastern Pennsylvania Transportation Authority*, 757 A.2d 448, 452 (Pa. Cmwlth. 2000).

Article I, Section 1 of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. CONST. art. I, §1. This section, like the Fourteenth Amendment

14

to the United States Constitution, U.S. CONST. amend XIV, guarantees persons in this Commonwealth certain inalienable rights.

"The constitutional analysis applied to the laws that impede upon these inalienable rights is a means-end review, legally referred to as a substantive due process analysis." *Nixon v. Commonwealth*, 839 A.2d 277, 286 (Pa. 2003). Where a law restricts an important, but not fundamental right, courts apply a rational basis test. *Id*. at 287. Under that standard, the law being examined "must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained." *Id*. (citation omitted) (footnote omitted). Generally, the right to pursue a particular profession is not a fundamental right. *Id*. at 288. Thus, the rational basis test applies.

The amended petition states that although Custer followed the State Board's directions for a license renewal, it did not renew her license. Moreover, her request for a hearing was denied and led to the Department of Human Services' demand for a return of fees she earned while allegedly working with an "expired" license. These allegations of arbitrary conduct state a substantive due process claim. Additionally, Custer is not required to establish the personal involvement of each Respondent since she seeks injunctive and declaratory relief. *Parkell*, 833 F.3d at 332. Therefore, Respondents' preliminary objections to Counts V and VI of the amended petition will be overruled.

### E. Equal Protection

Respondents next contend that the amended petition does not state an equal protection claim. They claim that the facts alleged therein do not show that Custer was treated differently than others similarly situated to her.

15

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, §1. The corresponding portions of the Pennsylvania Constitution provide as follows:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, §1.

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

PA. CONST. art. I, §26. In short, the guarantee of equal protection under the law does not require the government to treat all persons identically, but assures that similarly situated persons will be treated alike. *Garrison v. Department of Corrections*, 16 A.3d 560, 564 (Pa. Cmwlth. 2011).

The amended petition states that the Department of State has a policy of permitting licensees to correct discrepancies in their license renewal applications within 30 days of the expiration of the license. Amended Petition ¶29. It also states the Department of State has a policy of renewing a license as of the date that the licensee corrects the discrepancy in the licensee's application. *Id.* ¶145. The amended petition alleges that individual Respondents "have renewed licenses as of the date that the licensee corrects the discrepancy in the licensee's application" and that Custer is "similarly situated to such licensees." *Id.* ¶¶135-36. Custer claims that

16

she was denied equal protection because she was not able to have her license corrected eight months after she discovered the error. ¶¶ 39-41, 136. *Id*.

The amended petition alleges that the Department of State has a policy of renewing a license as of the date the licensee corrects a discrepancy and that the Department has learned of the University's error in not reporting Custer's completion of the Child Abuse CE course. Nevertheless, the Department refuses to correct its record. However, the amended petition does not allege that other licensees were able to have their license records corrected eight months after the mistake occurred. The amended petition makes only a conclusory allegation that there were other licensees "similarly situated" to Custer. This is insufficient to state an equal protection claim.

Respondents' preliminary objections to Counts VII and VIII of the amended petition for review will be sustained.

## F. Injunctive Relief

Respondents' sixth contention is that Custer is not entitled to injunctive relief[4] because she had the obligation to comply with the regulations to retain her right to practice her profession. Custer responds that she did comply with the regulations.

---

[4] An injunction is a court order that can prohibit or command virtually any type of action. It is an extraordinary remedy that should be issued with caution and "only where the rights and equity of the plaintiff are clear and free from doubt, and where the harm to be remedied is great and irreparable." 15 STANDARD PENNSYLVANIA PRACTICE 2d §83:2 (2005). The required elements of injunctive relief are: a clear right to relief; an urgent necessity to avoid an injury that cannot be compensated in damages; and a finding that greater injury will result from refusing, rather than granting, the relief requested. *Id.* §83:19. Even where the essential prerequisites of an injunction are satisfied, the court must narrowly tailor its remedy to abate the injury. *John G. Bryant Co., Inc. v. Sling Testing & Repair, Inc.*, 369 A.2d 1164, 1167 (Pa. 1977). The power to grant or to refuse an injunction "rests in the sound discretion of the court under the circumstances and the facts of the particular case...." *Rick v. Cramp*, 53 A.2d 84, 88 (Pa. 1947).

Custer seeks a declaration that her license be renewed as of July 5, 2017; an injunction prohibiting Respondents from initiating or aiding any administrative, disciplinary, civil, or criminal action against her related to the expired status of her license; and an injunction preventing the Department of Human Services from seeking the return of payments she received for services she rendered during a period of time she should have been licensed. Respondents do not address those facts. Instead, they assert, in conclusory fashion, that Custer did not comply with unspecified regulations. The amended petition asserts facts supporting Custer's claim that she did everything required for a license renewal as of July 5, 2017, and we must accept those facts as true. Respondents' preliminary objection to Count IX of the amended petition for review will be overruled.

## V. Conclusion

For all the above reasons, Respondents' preliminary objections to Counts VII and VIII of the amended petition for review are sustained, and the remaining preliminary objections are overruled.

_____
MARY HANNAH LEAVITT, President Judge

Judge Covey did not participate in the decision in this case.

18

Nicole L. Custer,            :
           Petitioner    :
        :
     v.              :    No. 564 M.D. 2018
        :
Commonwealth, Department of    :
State, Bureau of Professional and    :
Occupational Affairs, Kathy    :
Boockvar, Kalonji Johnson, Ian    :
Harlow, State Board of Occupational    :
Therapy Education and Licensure,    :
Kerri Hample, Joanne M. Baird,    :
Carolyn M. Gatty, Christine L.    :
Hischmann, Edward J. Mihelcic,    :
Commonwealth, Department    :
of Human Services, and Teresa    :
D. Miller,            :
           Respondents   :

## **O R D E R**

AND NOW, this 29th day of October, 2020, the preliminary objections filed by the Department of State, Bureau of Professional and Occupational Affairs; Secretary of State, Kathy Boockvar; Kalonji Johnson; Ian Harlow; the State Board of Occupational Therapy Education and Licensure; Kerri Hample; Joanne M. Baird; Carolyn M. Gatty; Christine L. Hischmann; Edward J. Mihelcic; the Department of Human Services; and Secretary of Human Services, Teresa D. Miller (collectively, Respondents) are SUSTAINED as to Counts VII and VIII of the Amended Petition for Review and are OVERRULED as to Counts I, II, III, IV, V, VI, and IX of the Amended Petition for Review.

Respondents are directed to file an answer to the remaining claims in the Amended Petition for Review (Counts I, II, III, IV, V, VI, and IX) within 30 days of the date of this Order.

_____
MARY HANNAH LEAVITT, President Judge